Clarence E. WELLS and Reginald H. Rolsal, Defendants below, Appellants,

v.

STATE of Delaware, Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted Sept. 19, 1978.

Decided Nov. 30, 1978.

James F. Kelleher, Wilmington, for defendants below, appellants.

Kenneth R. Abraham, Deputy Atty. Gen., Dover, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

The defendants Clarence E. Wells and Reginald H. Rolsal appeal the Superior Court's denial of their motions to withdraw their guilty pleas to charges of first degree robbery. This Court must decide whether the Trial Judge, in taking the defendants' guilty pleas, committed reversible error by not explaining to them the full range of possible sentences.

I.

At their original arraignment for first degree robbery, the defendants entered

pleas of not guilty. Thereafter, after consulting with their attorney, the defendants entered guilty pleas in the Superior Court. Although the Trial Judge ascertained that the defendants understood that no one was "in any position to make you [the defendants] any promises as to what the sentences will be," he did not explain to the defendants the possible maximum sentences before sentencing each defendant to eight years imprisonment.[1]

The Trial Court denied the defendants' motions to withdraw the guilty pleas based upon a misunderstanding of the possible penalties to which the pleas exposed them.

## II.

■ Although the decision to permit the withdrawal of a guilty plea under Superior Court Criminal Rule 32(d)[2] lies within the sound discretion of the Trial Court, *State v. Insley*, Del.Supr., 141 A.2d 619, 622 (1958), that discretion is governed by Superior Court Criminal Rule 11.[3] Because Rule 11 states that "[t]he Court * * * shall

not accept such plea . . . without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea," we hold it reversible error in the instant case for the Trial Judge, in taking the guilty pleas, to fail to state clearly to the defendants, on the record, the full possible range of the sentences specified by the Statutes, including the range of 3 to 30 years for a first offender, of 10 to 30 years for a second offender, the ban against suspended or concurrent sentences, and the prohibition against probation and parole for the specified terms.

■ The maximum possible sentence provided by law for conviction of the offense charged is the most important "consequence of the plea." Accordingly, it must be spelled out clearly and accurately[4] upon the record by the Trial Judge in order to insure that the waiver of important constitutional rights,[5] which occurs when the de-

---

**1.** 11 *Del.C.* §§ 832(b) and (c) provide:

"(b) Notwithstanding the provisions of § 4205(b)(2) and § 4215 of this title, a person convicted a second or subsequent time for robbery in the first degree shall be sentenced to a term of imprisonment for not less than 10 nor more than 30 years and the court shall not suspend the sentence of such person, nor give such person a probationary sentence, nor shall the term of imprisonment imposed under this section run concurrently with any other term of imprisonment imposed for the commission of such offense.

"(c) The minimum sentence of imprisonment required by this section and § 4205 of this title for a first offense shall not be subject to suspension, and no person convicted under this section shall be eligible for probation or parole during the first 3 years of such sentence."

* * * * * *

Since first degree robbery is a class B felony under § 832(a), the penalty for a first offense is imprisonment "from 3 to 30 years and such fine or other conditions as the court may order." 11 *Del.C.* § 4205(b)(2).

**2.** Rule 32(d) provides:

"Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the Court after sentence may set aside the judgment of conviction

and permit the defendant to withdraw his plea."

**3.** Rule 11 provides:

"A defendant may plead not guilty, guilty or, with the consent of the Court, nolo contendere. The Court may refuse to accept a plea of guilty, and *shall not accept such plea* or a plea of nolo contendere *without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea.* If a defendant refuses to plead or if the Court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the Court shall enter a plea of not guilty. The Court shall not enter a judgment upon a plea unless it is satisfied that there is a factual basis for the plea." (Emphasis supplied).

**4.** "A judge has the duty of being precisely accurate when, in the process of accepting a guilty plea, he undertakes to advise the defendant of any consequences of such plea. There is no room at that stage of the proceedings for any judicial statement that is inaccurate and may be misleading." *Veach v. State*, Del.Supr., 253 A.2d 687, 690 (1969) (dissenting opinion).

**5.** "A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers." *McCarthy v.*

fendant enters a guilty plea, is made "knowingly and intelligently." See *State v. Casto*, Del.Supr., 375 A.2d 444 (1977); *Shoemaker v. State*, Del.Supr., 375 A.2d 431 (1977); *Brown v. State*, Del.Supr., 250 A.2d 503 (1969); and *American Bar Association Project on Minimum Standards for Criminal Justice: Standards Relating to Pleas of Guilty*, § 1.4(c).[6]

Although in *Brown v. State*, Del.Supr., 250 A.2d 503 (1969), this Court affirmed the Trial Court's denial of a defendant's motion to withdraw his guilty plea because it was concluded that the defendant entered his guilty plea with an understanding of the nature of the charge and consequences of the plea, we noted that:

> " * * * the record to be made should make it indisputably clear that the requirement of Criminal Rule No. 11 has been complied with; i. e., that the plea is voluntarily offered by the defendant, himself, with a complete understanding by him of the nature of the charge and the consequences of his plea, and that the trial judge has so determined." 250 A.2d at 504.

In *Shoemaker v. State*, Del.Supr., 375 A.2d 431, 442 (1977), we held that before a defendant's waiver of trial in the Court of Common Pleas may be accepted by a Justice of the Peace, the latter must inform the defendant, *inter alia*, of "[t]he maximum penalty provided by law for conviction of such offense, including, particularly, any provisions as to incarceration." And, in line with such basic policy of due process, this Court reversed the Superior Court's denial of a defendant's motion to withdraw a guilty plea, holding that the failure by a Justice of the Peace to advise the defendant

of the maximum penalty provided by law for conviction was fatal to the validity of the plea. *State v. Casto*, Del.Supr., 375 A.2d 444, 450 (1977).

We conclude, therefore, that the denial of the defendants' motions to withdraw their guilty pleas constituted reversible error.

Except for the instant case, this decision shall have prospective application only.

Reversed.

*United States*, 394 U.S. 459, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1964).

6.  "*1.4 Defendant to be advised by court.* The court should not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and
    
    * * * * * * *
    
    "(c) informing him:
    "(i) of the maximum possible sentence on the charge, including that possible from consecutive sentences;

"(ii) of the mandatory minimum sentence, if any, on the charge; and
"(iii) when the offense charged is one for which a different or additional punishment is authorized by reason of the fact that the defendant has previously been convicted of an offense, that this fact may be established after his plea in the present action if he has been previously convicted, thereby subjecting him to such different or additional punishment."