**Gary W. ALLEN, Defendant-Appellant,**

v.

**STATE of Delaware, Plaintiff-Appellee.**

Supreme Court of Delaware.

Submitted: April 22, 1986.

Decided: May 15, 1986.

Paul S. Swierzbinski, Wilmington, for defendant-appellant.

Richard E. Fairbanks, Jr., Chief of Appeals Div., Dept. of Justice, Wilmington, for plaintiff-appellee.

Before CHRISTIE, C.J., McNEILLY and HORSEY, JJ.

PER CURIAM:

In 1983, the defendant entered a guilty plea to a drug charge. Two years later, he filed a motion to withdraw his guilty plea, alleging, *inter alia,* that on the date of the entry of his plea, he was misinformed as to the potential penalty for his offense. After a hearing, the Superior Court denied the defendant's motion. The defendant now appeals to this Court.

On March 15, 1983, the defendant entered a guilty plea in Superior Court to a charge of Delivery of a Non-Narcotic Schedule II Controlled Substance (Methamphetamine) in violation of 16 *Del.C.* § 4752. At the time of the plea, the defendant was a second offender. He was thus subject to a mandatory minimum term of three years incarceration and a maximum term of 15 years. 16 *Del.C.* § 4763. At the time of the plea, however, the defendant's public defender indicated to the Court that the defendant was aware that the range of punishment for this offense was a mandatory minimum term of three years and a maximum term of 30 years. During the plea colloquy, the trial judge similarly informed the defendant that the range of punishment was from a mandatory minimum of three to a maximum of 30 years of incarceration plus a fine. Subsequent to the defendant's guilty plea, the Superior Court sentenced him to imprisonment for a period of 10 years with appropriate credit for time served, suspended for probation after service of the mandatory minimum three years, during which time the defendant was not subject to probation or parole.

Exactly two years after his guilty plea was entered, on March 15, 1985, the defendant moved to withdraw the plea on

various grounds. At a Superior Court hearing on the defendant's motion on August 20, 1985, the defendant raised a new ground for the withdrawal of his plea, namely that on the day of its entry he was misinformed as to the potential penalty for his offense. He testified that his public defender informed him that the range of punishment was from 3–30 years, and he further testified that had he known that the range of punishment was in actuality from 3–15 years, "I think I would have took my chances with the jury trial." The trial judge ruled that the defendant had failed to show manifest injustice, as required for the withdrawal of a guilty plea, and he denied the defendant's motion.

On appeal, the defendant contends he should have been permitted to withdraw his guilty plea because he was misinformed as to the maximum penalty he could receive. This misinformation, argues the defendant, caused his "misapprehension or mistake ... as to his legal rights" and thus warrants the withdrawal of his plea under *State v. Insley*, Del.Supr., 141 A.2d 619 (1958) and *Wells v. State*, Del.Supr., 396 A.2d 161 (1978).

In *Insley*, this Court stated:

To grant the application [of the defendant to withdraw his guilty plea] the trial court must find that the plea was not voluntarily entered or was entered because of misapprehension or mistake of defendant as to his legal rights. If such circumstances be proved, the application should be readily granted; otherwise, it should be denied.

141 A.2d at 622. In *Wells*, this Court reversed the Superior Court's denial of the defendants' motions to withdraw their guilty pleas because the trial court failed "to state clearly to the defendants ... the full possible range of the sentences specified by the Statutes." 396 A.2d at 162. We reasoned:

The maximum possible sentence provided by law for conviction of the offense charged is the most important "consequence of the plea." Accordingly, it must be spelled out clearly and accurately upon the record by the Trial Judge in order to insure that the waiver of important constitutional rights, which occurs when the defendant enters a guilty plea, is made "knowingly and intelligently." *Id.* at 162–63 (footnotes and citations omitted).

■■■ The defendant contends that *Insley* and *Wells* are controlling in the case presently before us. We disagree. Superior Court Criminal Rule 32(d) provides that the Superior Court may permit a defendant to withdraw his guilty plea after sentencing only to correct manifest injustice.[1] As we stated in *Smith v. State*, Del.Supr., 451 A.2d 837 (1982), "[w]here a guilty plea is sought to be withdrawn long after sentence, defendant has the burden of showing prejudice amounting to manifest injustice." *Id.* at 839 (citations omitted). *Accord Insley*, 141 A.2d at 622. We find that the defendant was not prejudiced by the error in the plea colloquy and that therefore he has failed to demonstrate that he suffered manifest injustice.

This Court recognized in *Wells* that the maximum possible sentence is the most important consequence of a guilty plea. 396 A.2d at 162. The trial court in *Wells*, however, had failed to explain to the defendants the possible maximum sentences they could receive. The case now before us is distinct in that the trial court's error was merely technical; the trial judge did inform the defendant as to the maximum sentence he could receive, but mistakenly told the defendant to expect the possibility of a sentence greater than the law actually allowed. This case does not involve a misstatement which may lead a defendant into believing that the penalty is less than the

1. Superior Court Criminal Rule 32(d) provides:
   A motion to withdraw a plea of guilty or of nolo contendere *may be made only before sentence is imposed or imposition of sentence* is suspended; but to correct manifest injustice the Court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

law provides, thus causing the defendant to plead guilty when he might not have otherwise done so.

Moreover, not all technical defects in accepting a guilty plea justify withdrawal of the plea after sentencing. The United States Supreme Court, in *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), decided that a conviction based on a guilty plea is not subject to collateral attack when all that is shown is a formal violation of Rule 11 of the Federal Rules of Criminal Procedure.[2] *Id.* at 785, 99 S.Ct. at 2088. In *Timmreck*, the trial judge failed to describe to the defendant the mandatory special parole term of at least three years required by the applicable statute. This formal violation, said the Supreme Court, was insufficient to warrant collateral relief. In another case similar to the one before us, the Fifth Circuit held that although the trial judge had overstated the maximum penalty the defendant could receive while accepting the defendant's guilty plea, this technical violation of Rule 11 did not prejudice the defendant and thus did not require that his sentence be set aside. *Keel v. United States*, 5th Cir., 585 F.2d 110, 114 (1978).

Because the technical error in the plea colloquy in the case at bar is insufficient to allow the withdrawal of defendant's plea in the absence of prejudice amounting to manifest injustice, defendant must show at a minimum that the error influenced his decision to plead guilty. Although he received a sentence within the statutory limits, he now contends that if he had known he was subject to a lesser sentence under the plea, he would have risked a jury trial.

This claim, however, was not the defendant's original ground for withdrawal of his plea, but was raised for the first time at the hearing on his motion before the Superior Court. The trial judge, in rejecting this new ground for withdrawal under the manifest injustice standard, impliedly found that the disparity in the maximum penalty to which the defendant was subject would have had little effect on his decision to plead guilty. As the Fifth Circuit has stated, "[t]he probability such information [that the possible sentence was less] would have influenced [the defendant] *not* to change his plea so far outweighs the possibility that the prospect of stiffer punishment may have caused the change, that we refuse to consider the latter as relevant." *United States v. Woodall*, 5th Cir., 438 F.2d 1317, 1329 (1970) (emphasis in original), *cert. denied*, 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971). In addition to finding the defendant's newest claim to be improbable, we find it to be suspect because it was made almost 2½ years after the defendant entered his plea. Indeed, the defendant did not move to withdraw his guilty plea until two full years after he entered it.

In conclusion, we find the defendant has not suffered prejudice amounting to manifest injustice entitling him to withdraw his guilty plea under Superior Court Criminal Rule 32(d). The trial judge did not abuse his discretion in denying defendant's motion to withdraw his plea.

\*     \*     \*     \*     \*     \*

AFFIRMED.

---

2. The first portion of Delaware Superior Court Criminal Rule 11 is copied from the Federal Rule as it existed at the time of the defendant's guilty plea in *Timmreck.* Superior Court Criminal Rule 11 provides in pertinent part:

A defendant may plead not guilty, guilty or, with the consent of the Court, nolo contendere. The Court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea.