Edgar **VELASQUEZ**, Defendant Below, Appellant,

v.

**STATE of Delaware**, Plaintiff Below, Appellee.

No. 708,2009.

Supreme Court of Delaware.

Submitted: March 31, 2010.
Decided: April 27, 2010.

Edward C. Gill, Esquire, Georgetown, DE, for appellant.

Abby Adams, Department of Justice, Georgetown, DE, for appellee.

Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

HOLLAND, Justice:

The defendant-appellant, Edgar Velasquez ("Velasquez"), appeals from the judgment denying his motion for postconviction relief relating to his nolo contendere plea in the Superior Court on the charge of Rape in the Second Degree. Velasquez contends that the Superior Court erred by failing to grant his motion for postconviction relief because the Truth–in–Sentencing ("TIS") form indicates that he did not understand that there was a minimum sentence, or what the minimum sentence was, when he pled *nolo contendere*.

We have concluded that Velasquez's claims are without merit. Therefore, the judgment of the Superior Court must be affirmed.

### *Facts*

Velasquez was arrested on March 19, 2008, and charged with Rape in the First Degree and Kidnapping in the First Degree. On September 18, 2008, Velasquez entered a *nolo contendere* plea to one count of Rape in the Second Degree. A conviction range of ten to twenty-five years is written on the TIS form and the Plea Agreement, both of which bear his signature. Because Velasquez is Spanish-speaking, the TIS form was filled out in Spanish.

There are two relevant questions on the TIS form. The first question asks, "¿Existe pena mínima obligatoria?"[1] and has two boxes beside it with "Sí" and "No" written beside them. The second question asks, "De ser éste el caso, ¿Cúal es?"[2] and has a blank line beside it. On the version submitted by Velasquez, it appears that he only checked the "No" box for the first question. On the State's copy, it appears that he checked "Sí" and "No."[3] The second question, however, is left blank on both the State's and Velasquez's copy of the TIS form. Ultimately, this discrepancy is not determinative.

At the hearing in which Velasquez pled *nolo contendere,* the following exchange occurred:

The Court: Sir, I am told that you wish to resolve the pending case involving rape in the first degree and kidnapping in the first degree with a guilty plea, to one count of rape in the second degree.

Defendant:[4] Yes.

The Court: Is this your decision?

Defendant: Yes.

The Court: The rape in the second degree carries a penalty of ten years. The

---

1. Is there a mandatory minimum sentence?

2. [If] [t]his be the case, what is [it]?

3. The State's version of the TIS form contains many stray marks not contained on Velasquez's form. Both versions are Xerox copies.

4. Velasquez answered his questions through an interpreter.

sentence has to start at ten years, up to 25 years. Do you understand that?

Defendant: Yes.

The Court: I will consider that which has been recommended to me, pursuant to the negotiations, but I am not bound to accept the recommendation. Do you understand that?

Defendant: Yes.

The Court: Has anybody promised you what the judge would do today?

Defendant: No.

\* \* \*

The Court: All right. I am holding up a Spanish language Guilty Plea Form which the Court uses. Did you and your lawyer, with the assistance of the interpreter, go through this document?

Defendant: Yes.

The Court: Line by line?

Defendant: Yes.

The Court: Did you understand it?

Defendant: Yes.

The Court: Is there anything you want to ask me about it?

Defendant: No.

The Court: Did you fill in the answers honestly?

Defendant: Yes.

Velasquez was sentenced to twenty-five years at Level V, with credit for time served, to be suspended after ten years for fifteen years of Level III probation and was ordered to register as a Tier III sex offender.

### Sentence Modification Denied

On January 20, 2009, Velasquez filed a *pro se* motion for sentence modification. In that motion, Velasquez claimed his innocence, implied that he did not answer honestly during his plea colloquy with the Superior Court,[5] and sought to have his sentence reduced or be deported. The Superior Court denied the motion. It held that the Plea Agreement was appropriately followed, the court was unable to modify or reduce the mandatory sentence and that Velasquez's motion was untimely.

### Rule 61 Motion Remanded

On May 6, 2009, Velasquez, with the assistance of counsel, filed a timely motion for post-conviction relief, claiming that "he was not properly advised of the nature of the minimum sentence" and that, because the guilty plea form "indicates that there was no minimum mandatory sentence," the plea was not knowing and voluntary. On May 19, 2009, the Superior Court altered the sentence order, removing the "minimum mandatory" language, but retaining the minimum sentence of ten years. This alteration was supported by its finding that the sentence was "not a mandatory sentence, but a minimum sentence pursuant to statute." The Superior Court denied the remainder of Velasquez's motion as moot.

Velasquez then appealed that denial to this Court. This Court, by order dated October 13, 2009, found that the issue was not moot and remanded the matter back to the Superior Court to determine whether Velasquez understood that he faced a minimum sentence of ten years when he pled *nolo contendere*.

---

5. "Although I said 'no' when Your Honor asked on the day that I accepted the plea if I had been forced to sign the paper, they had me up against the wall at swordpoint with no other option. Your Honor asked me questions, yet I remained silent due to the warn- ings [my attorney through the interpreter] had given me before. In the end, the lawyer who represented me told me that the State did not have sufficient proof and that the prosecutor did not want to see a long prison sentence."

On remand, the Superior Court reviewed the transcript of the proceedings. It held that the defendant's plea was knowing, voluntary and intelligent. This appeal followed.

### Standard of Review

■ We review a Superior Court's denial of a motion for post-conviction relief for an abuse of discretion.[6] "An abuse of discretion occurs when 'a court has ... exceeded the bounds of reason in view of the circumstances, [or] ... so ignored recognized rules of law or practice' ... 'to produce injustice.'"[7] Questions of law, however, are reviewed *de novo*.[8]

### Velasquez's Contentions

Velasquez contends that the Superior Court abused its discretion by failing to grant his motion for post-conviction relief. According to Velasquez, the TIS form and comments made by his trial counsel indicate that he was unaware of a minimum sentence of imprisonment when he pled *nolo contendere.* Velasquez argues that his response of "No" to "¿Existe pena mínima obligatoria?"[9] and failing to respond to "De ser éste el caso, ¿Cúal es?" on the TIS form indicate that he was not aware of the minimum sentence on the charges.

Velasquez also argues that his trial counsel's statement that he went with Velasquez through the TIS form, line by line, reinforces the assertion that Velasquez was unaware of the minimum sentence because there was a blank space for the second question. Velasquez acknowledges that in his exchange with the Superior Court during the plea colloquy, he replied "yes" when the judge asked if he understood that "the sentence has to start at ten years, up to twenty-five years." According to Velasquez, the judge's question was erroneous because he "never used language to indicate that there was a minimum sentence."

### Rule 61 Motion Properly Denied

■ Superior Court Criminal Rule 11(c) states: "Before accepting a plea of guilty or nolo contendere to a felony ... the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands ... (1) ... the mandatory minimum penalty provided by law, if any ...."[10] As noted by Velasquez, the Superior Court informed him that, in pleading *nolo contendere,* he would be facing a sentence that "start[s] at ten years." Although the Superior Court did not use the words "minimum sentence," the court expressly communicated that the sentencing range began at ten years.

Furthermore, the Superior Court asked if Velasquez went through the TIS form with his attorney, understood it, and had any questions. Velasquez stated that he did go through the TIS form with this attorney, understood it, and had no further

---

**6.** *Dawson v. State,* 673 A.2d 1186, 1190 (Del. 1996) (citing *Bailey v. State,* 588 A.2d 1121, 1124 (Del.1991)).

**7.** *Lilly v. State,* 649 A.2d 1055, 1059 (Del. 1994) (quoting *Firestone Tire & Rubber Co. v. Adams,* 541 A.2d 567, 570 (Del.1988)).

**8.** *Dawson,* 673 A.2d at 1190 (citing *E.I. du Pont de Nemours & Co. v. Shell Oil Co.,* 498 A.2d 1108, 1113 (Del.1985)).

**9.** As noted, however, on the State's copy of that TIS form, Velasquez checked "Sí" and "No."

**10.** Super. Ct.Crim. R. 11(c). *See also Wells v. State,* 396 A.2d 161, 162 (Del.1978) (holding that it is reversible error when a trial judge, in taking guilty pleas, does not "state clearly to the defendants, on the record, the full possible range of the sentences" specified by statute).

questions. The Superior Court was entitled to rely upon his answers during the hearing.[11] In addition, both the Plea Agreement and TIS form have a sentencing range of ten to twenty-five years clearly written on them. Velasquez signed both documents.

In support of his argument, Velasquez relies upon *State v. Newton.*[12] In that case, the defendant's counsel and the Superior Court judge both informed the defendant that there was a minimum mandatory sentence of four years, when, in reality, the minimum mandatory sentence was six years.[13] The judge ordered that the defendant's guilty plea be set aside as he was not properly informed of the actual minimum mandatory length of the punishment.[14]

Newton is distinguishable from Velasquez's case because here, neither the judge nor Velasquez's attorney misinformed Velasquez of the applicable minimum sentence. The TIS form and Plea Agreement show the correct sentencing range of ten to twenty-five years. In addition, the Superior Court told Velasquez that his sentence would "start at ten years."

This Court stated when remanding this matter: "If [Velasquez] knew of the minimum sentence, however, the omission in the Truth in Sentencing form he filled out would be immaterial, and the motion for postconviction relief should be denied." The Superior Court determined as a matter of fact that Velasquez knew there was a minimum sentence of ten years. The Superior Court did not abuse its discretion when it denied Velasquez's motion for post-conviction relief.

### Conclusion

The judgment of the Superior Court is affirmed.

11. *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997).

12. *State v. Newton,* 1998 WL 731570 (Del.Super. May 29, 1998).

13. There, the sentenced was heightened due to a prior robbery conviction of which the State, defense counsel and the Superior Court were unaware. *Id.* at * 1.

14. *Id.* at *2.