IN THE SUPREME COURT OF THE STATE OF DELAWARE

CARLOS VAZQUEZ, §
 § No. 302, 2014
 Defendant Below, §
 Appellant, §
 §
 v. § Court Below—Superior Court
 § of the State of Delaware,
STATE OF DELAWARE, § in and for New Castle County
 § Cr. ID No. 1201019507
 Plaintiff Below, §
 Appellee. §

 Submitted: October 1, 2014
 Decided: November 25, 2014

Before HOLLAND, RIDGELY, and VALIHURA, Justices.

 ORDER

 This 25th day of November 2014, upon consideration of the appellant's

Supreme Court Rule 26(c) brief, his attorney’s motion to withdraw, the State's

response, supplemental submissions of the parties, and the record below, it appears

to the Court that:

 (1) In February 2012, the appellant, Carlos Vazquez, was indicted on

charges of Drug Dealing, two counts of Conspiracy in the Second Degree,

Possession of a Firearm During Commission of a Felony (“PFDCF”), Aggravated

Possession, and two counts of Possession of a Firearm by a Person Prohibited

(“PFBPP”).
 (2) On May 2, 2012, Vazquez pled guilty to Drug Dealing and PFBPP.

The State agreed to recommend no more than eight years of Level V incarceration

at sentencing and to dismiss the remaining charges. When the Superior Court read

Count VI of the indictment (the count number listed in the Plea Agreement) and

asked Vazquez if he understood that charge (PFBPP based upon Vazquez’s

possession of heroin), his counsel and the prosecutor interrupted to state that the

charge did not sound correct. The prosecutor stated that Count VIII was the

correct count (PFBPP based upon Vazquez’s 2005 conviction for PFDCF). The

Superior Court then read Count VIII of the indictment to Vazquez, who indicated

that he understood the charge and committed the offense of possessing a firearm

after having been convicted of PFDCF in 2005. In supplemental submissions

requested by this Court, the State and Vazquez’s counsel agree that Vazquez pled

guilty to Count VIII of the indictment.

 (3) At Vazquez’s sentencing hearing on July 27, 2012, the State indicated

that although the intent had been for Vazquez to plead guilty to Count VIII of the

indictment (a Class D felony under 11 Del. C. 1448(c) subject to a Level V

sentence of three to eight years), it would not challenge the investigative services

report finding that Vazquez had pled guilty to Count VI (a Class F felony under 11

Del. C. 1448(c) subject to a Level V sentence of up to three years). The State

continued to recommend that Vazquez be sentenced to eight years of Level V

 2
incarceration. The Superior Court sentenced Vazquez to twenty years of Level V

incarceration, suspended after six years for decreasing levels of supervision, on the

Drug Dealing charge and three years of Level V incarceration, suspended after two

years for one year of Level III supervision, on the PFBPP charge. Vazquez was

also sentenced to three years of Level V incarceration for a violation of probation.

Vazquez did not file a direct appeal.

 (4) On August 15, 2013, Vazquez filed a pro se motion for postconviction

relief. Vazquez claimed that he was coerced into pleading guilty because his

counsel failed to investigate his criminal history and incorrectly informed him that

he could be found a habitual offender and sentenced to life imprisonment. After

the filing of the motion, counsel was appointed to represent Vazquez and

Vazquez’s former counsel submitted an affidavit responding to Vazquez’s claims.

The State also responded to Vazquez’s motion. According to Vazquez’s former

counsel, he investigated Vazquez’s criminal history, determined Vazquez would

not be eligible for sentencing as a habitual offender, convinced the State that

Vazquez would not be eligible for sentencing as a habitual offender, and informed

Vazquez that he faced a substantial sentence even though he was not eligible for

sentencing as a habitual offender.

 (5) On May 22, 2014, the Superior Court denied Vazquez’s motion for

postconviction relief. The Superior Court concluded that Vazquez’s ineffective

 3
assistance of counsel claim was contrary to the record and without merit. This

appeal followed.

 (6) Vazquez’s postconviction counsel (“Counsel”) has filed a no-merit

brief and motion to withdraw under Supreme Court Rule 26(c) on the ground that

that the appeal is without merit. Counsel has identified errors relating to the

statutory penalties, minimum mandatory penalties, and Truth-in-Sentencing

(“TIS”) guidelines that appeared in the TIS Guilty Plea Form. By letter, counsel

informed Vazquez of the provisions of Rule 26(c) and provided Vazquez with a

copy of the motion to withdraw and the accompanying brief.

 (7) Counsel also informed Vazquez of his right to identify any points he

wished this Court to consider on appeal. Vazquez provided no points for the

Court’s consideration. The State has responded to the errors identified by

Vazquez’s counsel and moved to affirm the Superior Court's judgment.

 (8) When reviewing a motion to withdraw and an accompanying brief

under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a

conscientious examination of the record and the law for arguable claims; and (ii)

must conduct its own review of the record and determine whether the appeal is so

totally devoid of at least arguably appealable issues that it can be decided without

an adversary presentation.1

1
 Penson v. Ohio, 488 U.S. 75, 83 (1988); Leacock v. State, 690 A.2d 926, 927-28 (Del. 1996).

 4
 (9) The Superior Court did not err in denying Vazquez’s motion for

postconviction relief. Vazquez’s claim that his counsel failed to investigate his

criminal background and misinformed him that he would be eligible for sentencing

as a habitual offender is contradicted by the record and the affidavit of his former

counsel.

 (10) The penalty and guideline errors in TIS Guilty Plea Form identified

by Vazquez’s counsel also do not raise an appealable issue. The TIS Guilty Plea

form set forth the following penalties and guidelines: (i) for Drug Dealing, a

statutory penalty of two to twenty-five years incarceration, a minimum mandatory

penalty of two years, and a TIS guideline of two to ten years Level V

incarceration; (ii) for PFBPP, a statutory penalty of three to eight years, a

minimum mandatory penalty of three years, and a TIS guideline of three years

Level V incarceration. According to Vazquez’s counsel, the pre-sentencing

investigation report stated that the TIS guideline for Drug Dealing was actually

two to twenty-five years because Vazquez had two prior violent felonies and the

penalty and guidelines for the PFBPP charge would apply to PFBPP based on

violation of 11 Del. C. § 1448(a)(1) (a class D felony), but not PFBPP based on

violation of 11 Del. C. § 1448(a)(9) (a class F felony). Vazquez was indicted for

PFBPP based on his 2005 conviction for PFDCF in Count VIII of the indictment (a

violation of 11 Del. C. § 1448(a)(1) and PFBPP based on his possession of heroin

 5
in Count VI of the indictment (a violation of 11 Del. C. § 1448(a)(9)). The

statutory penalty of three to eight years and minimum mandatory penalty of three

years listed in the TIS Guilty Plea Form are consistent with PFBPP based on

violation of 11 Del. C. § 1448(a)(1) by a person with a violent felony conviction in

the past ten years.2

 (11) At the May 2, 2012 plea hearing, Vazquez pled guilty to Count VIII

of the indictment, a PFBPP charge based on Vazquez’s 2005 conviction for

PFDCF. Vazquez also stated that he was not under the influence of alcohol or any

drugs, he wished to plead guilty to Drug Dealing and PFBPP, he had not been

promised anything to plead guilty that was not in the written plea agreement, he

was not promised what his sentence would be, and he understood there was a

minimum mandatory sentence of five years and that he could receive up to thirty-

three years in jail. Vazquez was thus informed of the “maximum possible sentence

provided by law” for Drug Dealing and PFBPP based on his 2005 conviction for

PFDCF.3

 (12) At the sentencing hearing, the State stated that it would not challenge

the investigative services report finding that Vazquez had pled guilty to a PFBPP

2
 11 Del. C. § 1448(e)(1)(a) (2012) (providing that prohibited person who knowingly possesses
firearm shall receive minimum mandatory sentence of three years at Level V if person does so
within ten years of date of conviction for any violent felony); 11 Del. C. § 4205(b) (providing
that penalty for Class D felony is up to eight years of Level V incarceration).
3
 Wells v. State, 396 A.2d 161, 162 (Del. 1978) (“The maximum possible sentence provided by
law for conviction of the offense charged is the most important ‘consequence of the plea.’”).

 6
charge that was a class F felony, with no minimum mandatory penalty, rather than

a class D felony with a minimum mandatory penalty of three years. On the PFBPP

charge, the Superior Court sentenced Vazquez to three years of Level V

incarceration, suspended after two years for one year of Level III probation. This

sentence did not exceed the statutory penalty for a class F felony and was less than

the maximum penalty for a class D felony. Vazquez thus benefitted from being

sentenced for a class F felony.

 (13) The Drug Dealing sentence (twenty years of Level V incarceration,

suspended after six years for fourteen years of decreasing supervision) was also

within statutory limits. The Superior Court identified aggravating factors (prior

violent criminal activity, need for correctional treatment, and repetitive criminal

conduct) that supported sentences in excess of the TIS guidelines. Under these

circumstances, we do not believe that the penalty and guideline points identified by

Vazquez’s counsel raise an appealable issue.

 (14) This Court has reviewed the record carefully and has concluded that

the remainder of Vazquez’s appeal is wholly without merit and devoid of any

arguably appealable issue. We also are satisfied that Vazquez’s counsel has made

a conscientious effort to examine the record and the law and has properly

determined that Vazquez could not raise a meritorious claim in this appeal.

 7
 NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED. The motion to withdraw is moot.

 BY THE COURT:

 /s/ Randy J. Holland
 Justice

 8