IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DUANE ROLLINS, | § | |
| | § | |
| Defendant Below, | § | No. 35, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 1212010904 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 15, 2015
Decided: August 25, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 25th day of August 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response,[1] and the record below, it appears to the Court that:

(1) In February 2013, the appellant, Duane Rollins, was indicted for two counts of Strangulation and one count each of Assault in the Second Degree, Offensive Touching, Terroristic Threatening, Assault in the Third Degree, and Endangering the Welfare of a Child. These charges arose from Rollins' assault on

---

[1] The appellant's motion for leave to file a brief in reply to the State's response is denied. Supreme Court Rule 26(c) ("Rule 26(c)") does not contemplate such a filing and the appellant makes the same arguments in his motion that he raised in response to his counsel's motion to withdraw.

his pregnant girlfriend and her son. On September 4, 2013, Rollins pled guilty to two counts of Strangulation and the State entered a *nolle prosequi* on the remaining charges. As part of the plea agreement, the State indicated that it would seek to declare Rollins a habitual offender under 11 *Del. C.* § 4214(a) on the second count of Strangulation, but would waive proceeding against Rollins as a habitual offender on the first count of Strangulation, the State agreed to cap its Level V recommendation on the second count of Strangulation to fifteen years, and Rollins agreed that he was eligible for habitual offender sentencing. During the guilty plea colloquy, Rollins told the Superior Court that he signed the Truth-In-Sentencing Guilty Plea form after reviewing it with his trial counsel, he freely and voluntarily decided to plead guilty, he understood that he would not have a trial and was waiving certain constitutional rights, he committed both counts of Strangulation, and he understood that he faced a sentence of five years to life imprisonment.

(2) On November 15, 2013, after he was a declared a habitual offender as to the second count of Strangulation, Rollins was sentenced to fifteen years of Level V incarceration for the second count of Strangulation and five years of Level V incarceration, suspended for decreasing levels of supervision, for the first count of Strangulation. On appeal, Rollins argued that the sentencing judge, as well as the prosecutor and his trial counsel, mistakenly believed that Strangulation was statutorily categorized as a violent offense under 11 *Del. C.* § 4201(c) and required

2

at least a minimum mandatory sentence of five years of Level V incarceration under Section 4214(a). The State agreed and filed a motion to remand for resentencing. This Court vacated the Superior Court's judgment and remanded for resentencing.[2]

(3) On June 10, 2014, Rollins filed a motion to withdraw his guilty plea. In the motion, Rollins argued that his guilty plea was not knowing, intelligent, and voluntary because his trial counsel mistakenly believed that Strangulation was a violent felony and incorrectly informed Rollins that he faced a minimum mandatory sentence of five years for Strangulation. Rollins claimed that he considered this minimum mandatory time in deciding to plead guilty. The State opposed the motion and argued that Rollins did not meet his burden of showing that there was fair and just reason to permit the withdrawal of his guilty plea under Superior Court Criminal Rule 32(d).

(4) On July 31, 2014, Rollins filed a *pro se* motion to dismiss his trial counsel and for appointment of new counsel. Rollins argued that his trial counsel provided ineffective assistance by misinforming him that he faced a five year minimum mandatory sentence and by showing letters he exchanged with the victim to the State and reading portions of those letters aloud at the November 15, 2013 sentencing hearing. On August 7, 2014, Rollins' trial counsel filed a motion to

_____

[2] *Rollins v. State*, 2014 WL 1116891 (Del. Mar. 19, 2014).

3

withdraw on the grounds that Rollins had filed a complaint with the Office of Disciplinary Counsel regarding the minimum mandatory sentence mistake and the letters. The Superior Court denied all of the motions in a letter opinion dated August 22, 2014. Rollins filed a *pro se* notice of appeal, which was dismissed as interlocutory.[3]

(5) On January 16, 2015, Rollins was declared a habitual offender and re-sentenced to ten years of Level V incarceration for the second count of Strangulation and five years of Level V incarceration, suspended after two years for decreasing levels of supervision, for the first count of Strangulation. As a result of the remand and re-sentencing, Rollins' non-suspended Level V time decreased from fifteen years to twelve years. This appeal followed.

(6) On appeal, Rollins' counsel ("Counsel") filed a brief and a motion to withdraw under Rule 26(c).[4] Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Counsel informed Rollins of the provisions of Rule 26(c) and provided Rollins with a copy of the motion to withdraw and the accompanying brief.

(7) Counsel also informed Rollins of his right to identify any points he wished this Court to consider on appeal. Rollins has raised several issues for this

---

[3] *Rollins v. State*, 2014 WL 5479593 (Del. Oct. 28, 2014).

[4] Rollins was represented by different counsel in the Superior Court.

4

Court's consideration. The State has responded to the issues raised by Rollins and asked this Court to affirm the Superior Court's judgment.

(8) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[5]

(9) On appeal, Rollins argues that he was entitled to withdraw his guilty plea because his trial counsel provided ineffective assistance by misinforming him that he was subject to a five year minimum mandatory sentence for Strangulation as a habitual offender. Although we generally do not consider claims of ineffective assistance of counsel on direct appeal that were not first raised and addressed in the Superior Court,[6] Rollins' ineffective assistance of counsel claim was raised and addressed in the Superior Court. In its August 22, 2014 letter opinion, the Superior Court found that Rollins was not prejudiced by his trial

---

[5] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

[6] *See, e.g., Desmond v. State*, 654 A.2d 821, 829 (Del. 1994) (declining to consider ineffective assistance of counsel claim that was not decided in Superior Court). *See also Cooke v. State*, 977 A.2d 803, 848 (Del. 2009) (recognizing that Court does not generally address ineffective assistance of counsel claims on direct appeal, but considering claim where "the actions of trial counsel are not disputed and are clearly reflected in the Superior Court proceedings").

counsel's mistake regarding the minimum mandatory sentence for the second count of Strangulation.  Accordingly, we will address this claim.

(10)   The defendant bears the burden of showing a fair and just reason to permit withdrawal of his plea.[7]  In determining whether the defendant has established a fair and just reason to withdraw his plea, the Superior Court should consider: (i) whether there was a procedural defect in taking the plea; (ii) whether the defendant knowingly and voluntarily entered the plea; (iii) whether the defendant has a basis to assert legal innocence; (iv) whether the defendant had adequate legal counsel; and (v) whether granting the motion would prejudice the State or unduly inconvenience the court.[8]  To establish ineffective assistance of counsel, a defendant must show: (i) that his counsel's representation fell below an objective standard of reasonableness; and (ii) but for his counsel's errors, he would not have pled guilty but would have insisted on going to trial.[9]

(11)   During the guilty plea colloquy, Rollins told the Superior Court that he signed the Truth-In-Sentencing Guilty Plea form after reviewing it with his trial counsel, he freely and voluntarily decided to plead guilty, he understood that he would not have a trial and was waiving certain constitutional rights, he committed

---

[7] Super. Ct. Crim. R. 32(d).

[8] *Scarborough v. State*, 938 A.2d 644, 649 (Del. 2007).

[9] *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

6

both counts of Strangulation, and he understood that he faced a sentence of five years to life imprisonment. Absent clear and convincing evidence to the contrary, Rollins is bound by these representations.[10]

(12) There is no dispute that Rollins was misinformed that he faced a minimum mandatory sentence of five years Level V incarceration on the second count of Strangulation. There is nothing in the record, however, to support Rollins' conclusory claim that he would have insisted on going to trial if he had not been misinformed of the five year minimum mandatory sentence. As the Superior Court recognized, this case presented the unusual situation where Rollins ultimately got a better deal than what he originally bargained for. This is not a case involving "a misstatement which may lead a defendant into believing that the penalty is less than the law provides, thus causing the defendant to plead guilty when he might not have otherwise done so."[11] Rollins' non-suspended Level V time actually decreased from fifteen years to twelve years after the remand and resentencing.

(13) By pleading guilty, Rollins obtained the benefit of the State agreeing to cap its Level V recommendation on the second count of Strangulation to fifteen years and dismissing multiple charges against him, including Assault in the Second

---

[10] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[11] *Allen v. State*, 509 A.2d 87, 89 (Del. 1986).

7

Degree. If Rollins had insisted on going to trial, he would have faced the risk of a sentence, as a habitual offender, of eight years to life imprisonment because Assault in the Second Degree is a violent felony under Section 4201(c).[12] The notion that Rollins would have rejected the State's plea offer if he had known the actual sentencing range for the two counts of Strangulation was zero years to life imprisonment and insisted on going to trial while facing a sentencing range of eight years to life imprisonment is simply not credible.

(14) Aside from his trial counsel's incorrect advice regarding the minimum mandatory sentence, Rollins does not identify any other basis for withdrawal of his guilty plea. Rollins does not contend, and the record does not reflect, a basis for Rollins to assert legal innocence. Rollins also does not dispute the Superior Court's conclusion that the State would be prejudiced if the motion to withdraw was granted. Having carefully reviewed the record and the positions of the parties, we conclude that the Superior Court did not err in finding Rollins was not prejudiced by his trial counsel's mistake regarding the minimum mandatory sentence and in denying the motion to withdraw the guilty plea.

---

[12] Under Section 4214(a), a person convicted of a fourth or subsequent violent felony shall receive a minimum sentence that is not less than the maximum statutory penalty for the fourth or subsequent felony that forms the basis for the State's habitual offender petition. The maximum penalty for Assault in the Second Degree is eight years of Level V incarceration. 11 *Del. C.* § 612(d) (assault in the second degree is a Class D felony); 11 *Del. C.* § 4205(b)(4) (maximum penalty for Class D felony is eight years of Level V incarceration).

(15) Rollins next claims that his Counsel has provided ineffective assistance on appeal. This claim was not raised or addressed in the Superior Court and will not be considered for the first time on appeal.[13]

(16) Finally, Rollins argues that his sentence as a habitual offender under Section 4214(a) violated his due process rights. This claim was not raised in the Superior Court so we review for plain error.[14] There is no plain error here.

(17) To the extent Rollins is arguing that he could not be declared a habitual offender because Strangulation is not a violent felony under Section 4201(c), he is incorrect. The fact that Strangulation was not a violent felony under Section 4201(c) meant that the Superior Court was not required to impose a minimum mandatory Level V sentence of five years for the second count of Strangulation under Section 4214(a), not that Rollins was ineligible for habitual offender status.

(18) Under Section 4214(a), a person who has been convicted three times of a felony and is convicted of a subsequent felony can be declared a habitual offender. Rollins agreed in the plea agreement, his guilty plea colloquy, and at both sentencing hearings that he was eligible for habitual offender sentencing due to three previous felony convictions--Trafficking in Cocaine in 2007, Maintaining

---

[13] *See supra* n.6.

[14] Supr. Ct. R. 8.

a Dwelling for Keeping Controlled Substances in 1998, and Possession of a Deadly Weapon by a Person Prohibited in 1996. Strangulation is a felony.[15] Rollins could therefore be declared a habitual offender under Section 4214(a) for the second count of Strangulation. As to Rollins' contention that a jury was required to find he was eligible for habitual offender sentencing, this claim is without merit.[16]

(19) This Court has reviewed the record carefully and has concluded that Rollins' appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Rollins' counsel has made a conscientious effort to examine the record and the law and has properly determined that Rollins could not raise a meritorious claim in this appeal.

---

[15] 11 *Del. C.* § 607.

[16] *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (excluding fact of prior conviction from facts that must be submitted to jury and proven beyond reasonable doubt to increase the penalty for a crime beyond the prescribed statutory maximum); *Reed v. State*, 2015 WL 667525, at *2 (Del. Feb. 12, 2015) (relying on *Apprendi* to reject defendant's argument that jury needed to find he was convicted of previous felonies before he could be sentenced under Section 4214(a)).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


<u>/s/ Karen L. Valihura</u>
Justice