IN THE SUPREME COURT OF THE STATE OF DELAWARE

SHAKIR A. JONES (a.k.a. Timothy D. Jones),

    Defendant Below,
    Appellant,

v.

STATE OF DELAWARE,

    Plaintiff Below,
    Appellee.

§
§
§ No. 414, 2020
§
§ Court Below—Superior Court
§ of the State of Delaware
§
§ Cr. ID No. 171001749 (N)
§
§
§
§

Submitted: February 8, 2021
Decided: April 5, 2021

Before **SEITZ,** Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Shakir Jones, appeals from the Superior Court's denial of his motion for postconviction relief and his motion for correction of sentence. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Jones's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that on October 1, 2017, police found a body in a portable toilet in Kirkwood Park in Wilmington; the body revealed multiple stab

wounds.  Police arrested Jones two days later, and in January 2018 a grand jury indicted him for first-degree murder, possession of a deadly weapon during the commission of a felony ("PDWDCF"), and possession of a deadly weapon by a person prohibited.

(3)  On March 4, 2019, Jones pleaded guilty to second-degree murder and PDWDCF.  The plea agreement and the transcript of the plea colloquy reflect that the parties agreed to a joint sentencing recommendation of thirty years of unsuspended Level V time.  On June 7, 2019, the Superior Court sentenced Jones to thirty years of unsuspended Level V time, followed by decreasing levels of supervision.  Specifically, the court sentenced him as follows:  for second-degree murder, to thirty years of imprisonment, suspended after twenty-five years for five years of Level IV supervision, suspended after six months for two years of Level III supervision; and for PDWDCF, to five years of imprisonment.

(4)  Jones did not file a direct appeal.  He did file several motions for correction or modification of sentence and for postconviction relief.  The Superior Court denied those motions,[1] and Jones has appealed.  He argues that his guilty plea was invalid—and his conviction and sentence should be vacated—because the truth-in-sentencing form, the prosecuting and defense counsel, and the court erroneously stated that the maximum statutory penalty for second-degree murder was twenty-

---

[1] *State v. Jones*, 2020 WL 6409391 (Del. Super. Ct. Nov. 2, 2020).

five years. He contends that, had he known that the maximum statutory penalty for second-degree murder is actually life imprisonment, he would have rejected the plea and proceeded to trial.

(5) The Superior Court correctly determined that Jones's sentence is not illegal. We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion, although we review questions of law *de novo*.[2] Under Superior Court Criminal Rule 35(a), a sentence is illegal if, among other things, it exceeds statutory limits.[3] The maximum statutory penalty for second-degree murder is life imprisonment.[4] The Superior Court imposed a sentence of thirty years of imprisonment, suspended after twenty-five years for decreasing levels of supervision. Thus, the sentence was not illegal and we affirm the Superior Court's denial of Jones's motion for correction of sentence.

(6) We also affirm the Superior Court's determination that the error regarding the penalty range on the truth-in-sentencing form—and the corresponding discussion during the plea colloquy—does not entitle Jones to postconviction relief under the circumstances of this case. Claims of ineffective assistance of counsel are

---

[2] *Reed v. State*, 2015 WL 667525, at *1 (Del. Feb. 12, 2015).
[3] *Id.*
[4] 11 *Del. C.* § 635 (providing that second-degree murder is a class A felony); *id.* § 4205(b)(1) (providing that the sentence for a class A felony other than first-degree murder is "not less than 15 years up to life imprisonment").

3

governed by the two-prong test set forth in *Strickland v. Washington*.[5] In order to prevail on a claim of ineffective assistance of counsel after a defendant has entered a guilty plea, the defendant must demonstrate that (i) counsel's representation fell below an objective standard of reasonableness, and (ii) counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial.[6]

(7) We assume without deciding that counsel provided ineffective assistance by failing to inform Jones that pleading guilty to second-degree murder would subject him to a maximum potential sentence of life in prison, and not the twenty-five year maximum that was stated on the truth-in-sentencing form and discussed during the plea colloquy.[7] But we conclude that Jones has not established sufficient prejudice from the error. Despite the fact that Jones's guilty plea to second-degree murder subjected him to a possible life sentence, he received the sentence that he bargained for—thirty years of unsuspended imprisonment.[8]

---

[5] 466 U.S. 668 (1984).

[6] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997).

[7] *See Smith v. State*, 2014 WL 1017277, at \*2 (Del. Mar. 13, 2014) (indicating that Superior Court had partially granted motion for postconviction relief, "finding that Smith was ineffectively represented with respect to his sentencing" because "the guilty plea form erroneously indicated that the maximum statutory penalty for Attempted Assault in the First Degree was twenty years instead of twenty-five years"). *See generally Allen v. State*, 509 A.2d 87, 88 (Del. 1986) ("[T]he maximum possible sentence is the most important consequence of a guilty plea.").

[8] *See Smith*, 2014 WL 1017277, at \*3 (finding that defendant had not established prejudice sufficient to warrant postconviction relief where guilty plea form incorrectly indicated that the maximum statutory penalty was twenty years instead of twenty-five years, because Superior Court imposed a twenty-year sentence).

4

Moreover, the plea to second-degree murder eliminated the possibility that Jones would be convicted at trial of first-degree murder, the indicted charge, and therefore subject to a mandatory life sentence.[9] Under the circumstances of this case, we conclude that there is not a reasonable probability that, had Jones been correctly informed of the statutory maximum penalty for second-degree murder, he would not have pleaded guilty and would have insisted on going to trial.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[9] *See* 11 *Del. C.* § 4209(a) ("Any person who is convicted of first-degree murder for an offense that was committed after the person had reached the person's eighteenth birthday shall be punished . . . by imprisonment for the remainder of the person's natural life without benefit of probation or parole or any other reduction . . . .").