ROBERTT W. BARKS, Plaintiff Below, Appellant v. DENNY J. HERZBERG, Defendadant Below, Appellee.

( January 5, 1965)

Reargument denied January 28, 1965.

WOLCOTT and CAREY, Justices and SEITZ, Chancellor, sitting.

*James P. D'Angelo* and *John A. Faraone*, for appellant.

*Harold Schmittinger* and *Nicholas H. Podriguez*, for appellee.

Supreme Court of Delaware, No. 55-1964

WOLCOTT, Justice.

This is an appeal by the plaintiff upon the issue of damages only from a judgement of $1,000.00 in his favor. The basis of the appeal is his contention that the amount of the award is wholly inadequate in the light of the evidence produced. The trial was before the Court in the absence of a jury.

Briefly, the facts are that the plaintiff, an operator of heavy machinery, while going to his job site as a passenger in a pickup truck, was injured when the defendant's car crashed into the rear-end of the pickup truck which had stopped at a red light. As a result of the impact the plaintiff struck his head against some part of the cab.

Plaintiff missed a day of work and then returned to his job operating a large crane. He testified that he did so with difficulty because of nausea and vomiting. Approximately six days after the rear-end collision and while operating the crane, the plaintiff was struck on the head when a 100-pound window in the cab of the crane fell, knocking him down on the operating levers of the crane.

The plaintiff claims that as a result of the rear-end collision and the resulting blow on his head, he suffers from a condition known as traumatic neurosis caused by the negligence of the defendant.

At the trial expert medical witnesses were called who testified that

traumatic neurosis may be caused by a blow to the head of sufficient severity to render a person unconscious. The plaintiff testified that as the result of the blow in the first accident he was in fact rendered unconscious, but there is other testimony that such was not the fact.

The trial judge found the defendant to be negligent and gave judgement for the plaintiff in an amount much less than the amount claimed by the plaintiff as damages. Hence, this appeal.

As we view the basic issue before us, it is whether or not there is evidence in the record to support the finding of the trial dudge as to damages. If there is such, then we must affirm. *Turner v. Vineyard,* 7 Terry 138, 80 A.2d 177. Furthermore, when the determining of the facts by the trier of them turns on a question of credibility, as the trial judge stated in this case, his acceptance and rejection of testimony in the exercise of his discretion will be accepted by this Court. *Mulco Products, Inc. v. Black,* 11 Terry 246, 127 A.2d 851.

Thus, it appears form the record that the trial judge rejected the plaintiff's testimony that he lost consciousness as a result of the impact in the rear-end collision, and also rejected the testimony of a doctor who first saw the plaintiff some months after these accidents. He accepted the testimony of other doctors who saw the plaintiff shortly after the accidents. There was credible testimony accepted by the trial judge to the effect that the first accident could not have caused the traumatic neurosis of which the plaintiff complains. In the light of this evidence we cannot overturn this finding. *Turner v. Vineyard,* supra.

The trial judge made an alternate finding of which the plaintiff complains. This was to the effect that, assuming the plaintiff to be suffering from a traumatic neurosis, he had not discharged the burden cast upon him to prove which accident had caused the condition. We, however, do not reach this question because of our ruling in affirmance of the finding that the plaintiff was not suffering from a traumatic neurosis as a result of the first accident.

The palintiff raises several other alleged errors committed by the trial judge but these questions, also, we do not have to reach. We will, however, notice two of them briefly.

The trial judge on his own initiative referred to the entire record of a proceeding involving the plaintiff before the Industrial Accident Board, parts of which had been admitted in evidence before him, upon the ground that judicial notice may be taken of the records of other courts. It is to be noted that he did so in the absence of a request from counsel and, indeed, with no notification to them of his intentions.

We think it not amiss to point out that judicial notice of facts is nothing more than relieving a party of the necissity of producing evidence as to them and that, ordinarily at least, the party must make a request to that effect. IX Wigmore on Evidence, Sec. 2568. We are accordingly of the opinion that a trial judge should rarely, if ever, inquire into facts outside of the record on his own motion. If it is to be done, it should be done only with full notice to counsel and the opportunity to them to explain or rebut the matters ascertained. However, at bar, the error, if it was error, was non-prejudicial at worst.

In his opinion, the trial judge cited and quoted from excerpts from various medical periodicals and treatises which were not in evidence, and had not been used in cross-examination of the medical experts. We think this an improper use by the court of such publications, for in this state at least medical publications are not admissible as such in evidence, but may be used only as a basis for cross-examination of such witness. See *Drucker v. Philadelphia Dairy Products Co., Inc.,* 5 W.W. Harr. 437. 166 A. 796. Since, however, the periodicals were merely cumulative of the medical testimony, the error, if any was harmless.

The judgement below is affirmed.

## ON PETITION FOR REARGUMENT

Plaintiff has filed a petition for reargument which raises, *inter alia,*

several points which we found unnecessary to pass upon. With respect to one point raised by the petition, however, we think it is based upon a misunderstanding of the opinion which, upon further reading, we find somewhat obscure. By means of this supplement, therefore, we will try to clarify the matter.

We affirmed the ruling below that plaintiff's first accident could not have caused the plaintiff's traumatic neurosis. Plaintiff argues that there was no evidence to that effect, and points to the answers given by the testifying doctors in reply to a hypothetical question. However, all of the testifying doctors testified that a blow to produce a traumatic neurosis must have been of sufficient force to cause unconsciousness and, indeed, unconsciousness was one of the assumed facts in the hypothetical question asked of the doctors.

However, the trial judge specifically found, based upon credible evidence, that the plaintiff was not rendered unconscious by the first accident. This finding of fact, of course, destroyed the hypothesis upon which plaintiff built his case. Thus, we were not required to consider the legal effect of other medical testimony concerning the proximate cause of the injury for which damages were sought.

The petition for reargument is denied.