Joe Willie BROWN, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Jan. 31, 1969.

Richard W. Pell, Asst. Public Defender, Wilmington, for appellant.

Jay H. Conner and Jerome O. Herlihy, Deputy Attys. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from the refusal of the Superior Court to permit the withdrawal of a plea of guilty to manslaughter.

The facts are that the defendant, Joe Willie Brown, was indicted for first degree murder which was reduced by the State to second degree murder about a week before the trial date. On the morning scheduled for trial, the State offered to ac-

cept a plea of guilty to manslaughter. Brown conferred with the two Assistant Public Defenders assigned to defend him, and entered a plea of guilty to manslaughter. A presentence investigation was ordered. The State's only witness against Brown, who had been held in custody in default of bail, was ordered released. This witness apparently left the State at that time and may not now be subject to subpoena.

Approximately a month after the entry of his guilty plea, Brown moved to withdraw it and to stand trial on the charge of second degree murder. After hearing, the motion to withdraw the plea was denied and Brown was sentenced to 10 years.

At the time the plea of guilty was accepted, Brown had conferred with his attorneys for approximately 30 minutes. When the plea of guilty to manslaughter was offered, the trial judge asked Brown if he had discussed the matter fully with his attorneys. Brown answered that he had. He also stated that it was his decision to enter the plea after receiving the advice of his attorneys. His attorneys stated that they had fully explained to Brown what his rights were and the effect of the entry of the plea.

Superior Court Criminal Rule No. 11, Del.C.Ann. requires that a plea of guilty shall not be accepted "without first determining that the plea is made voluntarily with understanding of the nature of the charge."

■ We think it is clear from this record that Brown voluntarily made this guilty plea with understanding of the nature of the charge. At the hearing on his motion to withdraw the plea, he said his attorneys explained to him the length of sentence involved in the event of conviction of second degree murder and "I then decided I would accept the manslaughter for a lesser charge."

It is quite apparent that he knew what he was doing. Furthermore, his long criminal record, which includes charges of murder and manslaughter, supports this conclusion. Also, it is not without significance, we think, that it was only after the State's witness against him had disappeared that Brown thought better of the bargain he had made with the State.

■ Brown's application to withdraw his guilty plea was made pursuant to Superior Court Criminal Rule 32(d). As required by the rule, it was made before the imposition of sentence upon his plea of guilty. Such applications are made to the sound discretion of the trial judge, and will be granted only if he finds that the guilty plea was not voluntarily made, or that it was entered by reason of a mistake of the defendant as to his legal rights. State v. Insley, 1 Storey 196, 141 A.2d 619. As we have already pointed out, this record makes it clear that Brown was fully informed of his rights and of the nature of the charge against him at the time he entered his plea. There was therefore no abuse of discretion in denying his motion to withdraw the plea and to stand trial.

■ The foregoing is sufficient to affirm the decision below, but we feel impelled to point out that it is desirable for the trial judge to make a more clear and uncontradictable record than we have here when a plea of guilty is accepted. The record to be made should make it indisputably clear that the requirement of Criminal Rule No. 11 has been complied with; i. e., that the plea is voluntarily offered by the defendant, himself, with a complete understanding by him of the nature of the charge and the consequences of his plea, and that the trial judge has so determined.

We refer with approval to the guidelines set forth in the following decisions upon the acceptance of guilty pleas under comparable Rule No. 11 of the Federal Rules of Criminal Procedure: Kadwell v. United States (9th Cir.) 315 F.2d 667; United States v. Lester (2nd Cir.), 247 F.2d 496; United States v. Diggs (6th Cir.) 304 F.2d

929; Bartlett v. United States (8th Cir.) 354 F.2d 745.

■ We think the trial judge, when a plea of guilty is offered, should insure by direct interrogation of the defendant that the record demonstrates the following facts:

(1) That the defendant understands that he has a right to speedy trial, with the assistance of counsel, which he will waive by his plea of guilty;

(2) That he understands he will have the assistance of counsel at sentencing if his plea is accepted;

(3) That he understands the nature of the charges against him, and that the trial judge has explained them to him;

(4) That he is in fact guilty of the charge or charges to which he seeks to plead guilty;

(5) That his plea of guilty has not been induced by any promise or representation as to what sentence will be imposed upon him;

(6) That his plea of guilty has not been induced by threats or coercion by anyone;

(7) That he understands the consequences of entering a plea of guilty;

(8) That he seeks voluntarily to enter the plea of his own free will because he is guilty of the charge; and

(9) That he has discussed with his attorney fully the entry of his plea of guilty.

We think the foregoing does not place an undue burden on the trial judge. The requisite record can be made with little effort and without wastage of time. On the other hand, if the record discloses the above set forth facts, appeals such as the current one will be avoided, or at least be subject to summary decision, and we suppose that Federal *Habeas Corpus* proceedings could more easily be disposed of.

Also, the making of such a record by the court protects defense counsel from the charge, easily made but difficult to refute, that the defendant was not sufficiently advised by counsel of his rights, of the nature of the charge, and of the consequences of the guilty plea.

As we have pointed out, the acceptance of Brown's plea of guilty was under circumstances which clearly show that it was voluntarily made, with a full realization of the nature of the charge and the consequences of the plea, even though Brown was not precisely questioned by the trial judge along the lines we suggest be followed for the future.

The judgment below is affirmed.