**John VEACH, Defendant Below, Appellant,**

**v.**

**The STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

April 25, 1969.

Jack B. Jacobs, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant below, appellant.

Francis A. Reardon, State Prosecutor, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

This appellant, John Veach, seeks the reversal of a Superior Court decision denying relief under Superior Court Criminal Rule 39, Del.C.Ann. The first paragraph of that rule reads as follows:

"Where a defendant has sought to assert a Constitutional right in a special application to a lower court after a final order in the regular proceeding has been entered by that court and the time for appeal in the regular proceeding has run, the Superior Court will on application of such defendant review the action of the lower court in connection with such special application provided the matter raised had not been previously adjudicated as to that defendant in the regular proceeding."

Appellant was arrested and pleaded guilty to a charge of driving a motor vehicle while under the influence of intoxicating liquor. The proceedings took place before a Justice of the Peace. His contention is that he was induced to enter the plea because, he says, he was told by both the arresting officer and the Justice that, although he would lose his license to drive, he could get a special work permit to operate his car solely in connection with his employment. He later learned that work permits may not be issued to persons convicted of this particular offense. He thereupon requested permission from the Justice of the Peace to change his plea of guilty to one of not guilty. His application was denied by the Justice of the Peace, whereupon the petition for relief under Rule 39 was filed in Superior Court.

At a hearing upon that petition, the Court below heard testimony as to what had been said during appellant's conversation with the arresting officer prior to entry of the plea, as well as the statements made by the Justice of the Peace to appellant. According to the appellant, both the officer and the Justice gave him fairly definite assurances that he would be able to get a work permit. His testimony was contrary to that of the Justice and the officer, hereafter summarized.

The Court below held that there is no constitutional requirement that a defendant be told, prior to the entry of a plea, of the consequences of a plea of guilty in regard to his driving privilege. The Court considered the conflict of testimony and accepted as true that of the trooper and the Justice. It then held that, although some of the statements made to the appellant were not exactly accurate, none of

the statements were substantially misleading. For these reasons, the Court denied the petition.

The appellant here contends that error was committed below in both of the rulings made. He further argues that, even if there be no constitutional requirement to be given this information, a defendant is at least entitled not to receive misleading information. We do not resolve these questions because, under the evidence found to be true by the trial Court,* we agree that the statements made to appellant were not substantially wrong and that there was no justification for the appellant to believe that he could get a work permit.

The officer testified substantially as follows: As he and the appellant were riding to the Justice of the Peace Court, the appellant stated that he knew he would lose his license and that he had heard of an instance where someone else had obtained a "work permit" after a conviction for some motor vehicle offense. He then asked the officer whether the latter thought he could get such a permit if he pleaded guilty to this charge. The officer answered that there were some motor vehicle offenses after conviction of which a work permit could be granted, but that he had never known of an instance where this was done following a conviction for driving while under the influence. The appellant then asked if the officer thought it would do him any good to find out, whereupon the officer replied that he didn't think it would do him any good to apply for the permit, but that he had the right to request it if he wanted to.

The Justice testified as follows: When the appellant was brought before him, the Justice explained to him his right to counsel and the other rights customarily given defendants before they are asked to plead; in addition thereto, he told the appellant that his license would be suspended for one year if he was convicted. Nothing was said at that time about a work license. Defendant then pleaded guilty, whereupon the Justice imposed the minimum sentence, i. e., a fine of $200.00 plus costs. The appellant called a friend to bring him the necessary money. While they were waiting, appellant asked the Justice about his license and the Justice again said that the license would automatically be suspended for one year. The appellant did not seem to be too much worried because he stated he had two other licenses one from New Jersey and one from Pennsylvania. Appellant asked the Justice something about a work license, and the Justice explained to him that there was a "point" system whereby in hardship cases work licenses may be issued, but that this did not apply to drunken-driving cases.

It seems quite plain, as the Judge found, that the statements made prior to entry of the plea were not so misleading as to cause the appellant to believe that he could get a work permit. The use of the word "suspended" instead of the statutory word "revoked" (T. 21 Del.C. § 2732) obviously made no material difference to the appellant; he knew that he would lose his license for a year. The officer's remarks were made in answer to appellant's questions and justified no substantial hope in appellant's mind of getting a permit. Appellant is a young man who attended college, and is hardly in a position to suggest that he did not understand what these people were saying to him.

The judgment below will be affirmed.

HERRMANN, Justice (dissenting)

I would reverse.

Prior to the taking of the defendant's guilty plea, the Justice of the Peace made an inaccurate statement from the Bench. In the course of advising the defendant as

---

* This holding was a determination of credibility of witnesses who testified in the Judge's presence; we accordingly accept it. Barks v. Herzberg, Del., 206 A.2d 507.

**690**

to the consequences of the guilty plea, the Justice of the Peace stated that the defendant's driver's license would be suspended for a year. This was misleading and misadvice. He should have stated that the license would be revoked for a year. 21 Del.C. § 2732(3).

In ordinary usage, there is a significant difference in meaning between the word "suspended" and the word "revoked." A "suspended" privilege is temporarily withdrawn; a "revoked" privilege is annulled, abrogated, or cancelled. The Random House Dictionary of the English Language. This difference in meaning was especially important to this defendant who was without counsel and much preoccupied with the necessity of obtaining a limited "work license" to safeguard his livelihood; and who, just minutes earlier, had been told by the State Trooper the name of the official to whom an application for such limited license could be made.

. A judge has the duty of being precisely accurate when, in the process of accepting a guilty plea, he undertakes to advise the defendant as to any consequence of such plea.* There is no room at that stage of the proceedings for any judicial statement that is inaccurate and may be misleading. Compare Brown v. State, 250 A.2d 503 (Del.Supr.Ct., decided January 31, 1969); McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (decided April 2, 1969). Any doubt as to the misleading effect of an inaccuracy by the Judge should be resolved in favor of the defendant who seeks to withdraw his guilty plea and have his day in court.

The Superior Court stated in this case: "Regardless of what they (State Trooper and Justice of the Peace) said, the defendant had no reasonable basis for placing reliance on their speculations." I cannot agree with that premise, insofar as the Judge was concerned.

For these reasons, it is my view that the judgment below should be reversed.

* Directive 19 to all Justices of the Peace provides:
"All Justices of the Peace are requested forthwith, in all alleged motor vehicle violations which might involve the revocation or suspension of the defendant's license on a finding or plea of guilty to advise the defendant of this fact prior to accepting his or her plea."