David MUZZI, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

April 15, 1970.

Richard Allen Paul, Asst. Public Defender, Wilmington, for defendant below, appellant.

Francis A. Reardon, State Prosecutor, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

In this appeal from a judgment of conviction for rape, the defendant seeks reversal on the ground of the Superior Court's declination to accept his plea of guilty to a lesser offense.

## I.

After an exclusionary hearing and just before commencement of trial on the rape charge, the defendant indicated through counsel that he desired to plead guilty to the lesser charge of assault with intent to commit rape. The Trial Judge questioned the defendant as to his understanding of the new charge and the penalties involved; and received acceptable answers. The Trial Judge then asked the defendant if he had committed the lesser offense; the defendant replied unequivocally in the negative. The Trial Judge previously had been informed that the defendant disavowed any criminal conduct. The Trial Judge declined to accept the guilty plea to the lesser charge and directed that the trial proceed on the original charge. The jury found the defendant guilty on the charge of rape. The defendant appeals from the conviction.

## II.

It is contended that the Trial Judge abused his discretion in declining to accept the guilty plea to the lesser offense for the reason that the defendant refused to admit commission of the offense. In support of this contention, the defendant points to Superior Court Criminal Rule 11, Del.C.Ann., as presently amended,[1] and argues that there is no requirement therein for admission of the commission of the offense as a prerequisite to acceptance of a guilty plea. It is contended that upon being satisfied of

---

1. · Superior Court Criminal Rule 11 presently provides:

   "A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea unless it is satisfied that there is a factual basis for the plea."

   Prior to the amendment of June 1, 1969, Rule 11 provided:

   "A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty."

the specified elements of voluntariness and understanding, the Trial Judge is obliged to accept a guilty plea unless, in the language of the last sentence of the present Rule, he is not "satisfied that there is a factual basis for the plea"; and that such "factual basis" may be ascertained other than by direct interrogation of the defendant.

The "factual basis" provision did not appear in Rule 11 at the time of the arraignment in the instant case. The arraignment took place on January 22, 1969; the quoted language was added to the Rule by amendment of June 1, 1969. Accordingly, the instant case is not governed by the Rule provision upon which the defendant here relies.

We take the occasion, nevertheless, to record the following views on the subject: It has long been customary in this jurisdiction for the Trial Judge to decline to accept a guilty plea in the absence of an admission of the commission of acts constituting the offense. The practice was recognized in Brown v. State, Del.Supr., 250 A. 2d 503 (1969), requiring that the arraignment judge insure by direct interrogation of the defendant, *inter alia*, that "he is in fact guilty of the charge or charges to which he seeks to plead." The *Brown* case was decided January 31, 1969, before the amendment to Rule 11. We find nothing in the "factual basis" amendment, however, to change the *Brown* requirement; and we reaffirm it.

The United States Supreme Court recently construed Rule 11 of the Federal Rules of Criminal Procedure[2] in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). It was there explained that under the Rule the arraignment judge has the dual responsibilities of ascertaining the voluntariness and understanding of the plea and of developing a complete record to support his determination thereof in any subsequent post-convic-

tion attack. In this conection, the United States Supreme Court stated:

"Thus, in addition to directing the judge to inquire into the defendant's understanding of the nature of the charge and the consequences of his plea, Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea. The judge must determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.' Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.' "[3]

It thus appears that, as construed by the United States Supreme Court, Rule 11 requires a direct and personal admission by the defendant of conduct constituting the offense to which the guilty plea is being entered.

■ The defendant relies upon Griffin v. United States, 132 U.S.App.D.C. 108, 405 F.2d 1378 (1968) holding that a plea of guilty may be accepted under Federal Criminal Rule 11 even though the defendant accompanies his plea with a statement that he is not guilty. We are unable to agree with that rule. In the light of our time-honored practice and the purposes of Rule 11, we think that denial of the commission of acts constituting the offense is fatally inconsistent with a plea of guilty to the charge of that offense. Compare People v. Bartlett, 17 Mich.App. 205, 169 N.W. 2d 337 (1969).

The Trial Judge did not abuse his discretion in rejecting the guilty plea.

2. Our present Rule 11 is identical with the present Federal Rule 11.

3. The inner quotations are from the Notes of the Advisory Committee on Criminal Rules. See 89 S.Ct. at 1171, f. n. 18, 19.

### III.

The defendant contends alternatively that there should be a new trial because of an inadvertent erroneous statement by the prosecuting attorney, in his opening statement to the jury, regarding an identification of the defendant by the prosecuting witness. We have given due consideration to this contention and find it without merit.

* * *

Affirmed.