**Leroy L. SMITH, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Sept. 14, 1982.
Decided: Oct. 12, 1982.

Thomas Little, New Castle County Public Defender (argued), Wilmington, for defendant below, appellant.

Kathleen Molyneux, Deputy Atty. Gen. (argued), Wilmington, for plaintiff below, appellee.

Before HERRMANN, C.J., McNEILLY and MOORE, JJ.

McNEILLY, Justice:

On June 16, 1980, the defendant, appearing with counsel, entered pleas of guilty to Rape First Degree and Kidnapping Second Degree. Under the plea agreement entered into by the defendant and the State at that time, the State agreed to nolle prosse a second charge of Kidnapping First Degree then pending against the defendant in Superior Court, and not pursue any habitual offender motion. Prior to entering judgments of conviction against the defendant, the Trial Judge complied with the mandatory requirements for accepting a guilty plea set forth in *Brown v. State,* Del.Supr., 250 A.2d 503 (1969) and, specifically, made sure that the defendant understood that by entering the guilty pleas:

(a) he was waiving his right to trial and all his rights that attach thereto;

(b) if the Court accepted his pleas, it would constitute conviction of those offenses;

(c) he understood that the offense of Rape First Degree carried a mandatory life sentence and that Kidnap Second Degree charge carried a possibility of three to thirty years.

After the defendant represented affirmatively that he fully understood the ramifications of entering guilty pleas, that he had discussed it with his attorney and that he was doing it voluntarily, the plea was accepted. At sentencing on September 26, 1980, defendant was sentenced to life imprisonment on the rape conviction and to 30 years on the kidnap charge, those to run consecutively.

On May 1, 1981 the defendant filed a *pro se* letter requesting the Trial Court to withdraw his guilty plea. At a hearing on November 12, 1981 defendant contended that his guilty plea was not entered into knowingly and voluntarily, that it was the result of mistake and misapprehension, and that he was not afforded genuine and effective legal representation. Defendant claims specifically that trial counsel should have met with defendant more than two or three times prior to trial, that trial counsel failed to disclose to defendant a negative wet smear test for the presence of live sperm upon examination of the rape victim, and finally that trial counsel did not explain to defendant that a scientific hair comparison was not a unique form of identification. Following the hearing the Judge denied the defendant's request to withdraw his plea. Defendant appeals this ruling.

To grant an application to withdraw a guilty plea, the Trial Court must find: (a) the guilty plea was not voluntarily entered or (b) the guilty plea was entered because of mistake or misapprehension of the defendant as to his legal rights. *State v. Insley*, Del.Supr., 1 Storey 196, 141 A.2d 619 (1958). Where a guilty plea is sought to be withdrawn long after sentence, defendant has the burden of showing prejudice amounting to manifest injustice. *State v. Insley, supra; Super. Court Crim. Rule 32(d); Commonwealth v. Starr,* 450 Pa. 485, Pa.Super., 301 A.2d 592 (1973).

A guilty plea may not be used as a testing device in respecting the severity of a sentence imposed thereunder. *See Commonwealth v. Starr, supra.*

The standard in reviewing the Trial Judge's decision on the request to withdraw a plea is whether or not the judge below abused his discretion after applying the manifest injustice standard in refusing to allow defendant to withdraw his plea of guilty. A review of the record indicates that the pleas of guilty were entered knowingly and voluntarily, and that there was no showing of manifest injustice by the defendant.

Trial counsel's failure to meet with the defendant more than two times before trial was proper given defendant's statement to counsel that he could not remember what happened on the evening in question. Defendant at no time testified that he sought further pretrial meetings, that he initiated contact with his attorney or that he was prejudiced by the number of meetings held. Defendant never affirmatively showed that the non-disclosure of the negative wet smear test would have changed his guilty plea. Defendant never asserted that this evidence would bolster his defense or that he was innocent. Given the evidence of seminal stains on the victim's and on the defendant's clothing, the negative wet smear test is at best neutral. In at least two instances the defendant should have been aware of the nature of identification through hair matches. Trial Counsel testified that he explained this evidence to defendant prior to the plea and during the plea, the state recited that it had this evidence.

Given this record, we cannot say that the Trial Judge's decision to refuse the defendant's request to withdraw his guilty plea was an abuse of discretion. Therefore, the judgment of the Superior Court is

AFFIRMED.