## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | Cr. ID No. 1210020252 |
| | ) | |
| JORGE MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:  October 30, 2015
Date Decided:  November 3, 2015

***Upon Defendant's Motion to Withdraw the Guilty Plea***
**DENIED**

Upon consideration of Defendant's Motion to Withdraw Guilty Plea, the Court makes the following findings:

1. On March 10, 2015, Defendant was arrested on charges of Drug Dealing of a Tier 4 Quantity, Aggravated Possession of Heroin of a Tier 4 Quantity, and Possession of Drug Paraphernalia.  Counsel was appointed to represent Defendant.

2. Defendant appeared before the Court on May 6, 2015 and plead guilty. The negotiated plea included Defendant's guilty plea to one count of Drug Dealing Heroin of a Tier 4 Quantity and Violation of Probation, in exchange for which the State agreed to dismiss the remaining charges: Aggravated Possession of Heroin of a Tier 4 Quantity and Possession of Drug Paraphernalia.

3. The matter was scheduled for sentencing but, before Defendant was sentenced, Defendant filed a motion to withdraw his guilty plea on September 28, 2015. The State opposes Defendant's motion.

4. Superior Court Rule of Criminal Procedure 32(d) allows for withdrawal of a defendant's guilty plea if the defendant demonstrates that a fair and just reason exists for doing so.[1] It is the defendant's burden to satisfy the requirements of Rule 32(d) and to provide the Court with sufficient evidence to demonstrate a fair and just reason for withdrawing defendant's guilty plea.[2] The decision to grant a motion to withdraw a guilty plea is within the sound discretion of the Court.[3] The Court will grant the motion only if the plea was either not made voluntarily or was entered because defendant misapprehended or was mistaken as to his legal rights.[4]

5. In deciding a motion to withdraw a guilty plea, the Court must consider five factors: (1) whether there was a procedural defect in taking the plea; (2) whether the defendant knowingly and voluntarily consented to the plea; (3) whether there is any present basis to assert legal innocence; (4) whether defendant had adequate legal representation throughout the proceedings; (5) whether granting the motion would prejudice the State or unduly inconvenience the Court.[5] The

---

[1] Super. Ct. Crim. R. 32(d).
[2] *State v. Friend*, 1994 WL 234120, at *1 (Del. Super. May 12, 1994) (quoting *Blackwell v. State*, 736 A.2d 971, 972 (Del. 1999).
[3] *Scarborough v. State*, 938 A.2d 644, 649 (Del. 2007)
[4] *Smith v. State*, 451 A.2d 837, 839 (Del. 1982).
[5] *Scarborough*, 938 A.2d at 649.

Court need not balance these factors, and one factor standing alone may be sufficient to grant the motion.[6]

6. In support of his motion, Defendant argues that he did not enter the plea knowingly, intelligently, and voluntarily because of untreated anxiety (factor 2) and granting the motion would not result in prejudice to the State or burden on the Court (factor 5).

7. Although Defendant argues that his plea was involuntary because of untreated anxiety, Defendant fails to explain how his untreated anxiety affected his ability to understand the proceedings on May 6, 2015. To the contrary, the record evidence establishes that Defendant's acceptance of the plea offer on May 6, 2015 was knowing, intelligent, and voluntary. The Court engaged in a colloquy with Defendant, in which Defendant acknowledged that he was giving up his right to be indicted,[7] that he was giving up his trial rights,[8] that he was facing at least two (2) years minimum mandatory in prison and a maximum of life imprisonment.[9] Defendant indicated that he had discussed this matter carefully with his attorney,[10] and that he was accepting responsibility for Drug Dealing of a Tier 4 Quantity.[11]

---

[6] *Id.*
[7] Plea Colloquy at 5:10-6:4; 7:1-3.
[8] *Id.*
[9] Plea Colloquy at 6:18-23.
[10] Plea Colloquy at 6:14.
[11] Plea Colloquy at 6:9-11.

The Court accepted Defendant's guilty plea as a knowing, intelligent, and voluntary waiver of Defendant's constitutional trial rights.

8. Defendants are "bound by those statements" made during the plea colloquy and on guilty plea forms "in the absence of clear and convincing proof to the contrary."[12] Defendant has not provided any evidence sufficient to satisfy the "clear and convincing" standard required by Delaware law to make a showing that his plea was involuntary.

9. The State would be prejudiced if Defendant was permitted to withdraw his guilty plea. Defendant's arrest was on March 10, 2015. If Defendant's motion is granted, the State will have to indict this matter and have the drugs at issue tested. Further, the passage of time could compromise witnesses' memories for both civilian and police witnesses.

**NOW, THEREFORE, this 3rd day of November, 2015, Defendant Jorge Martinez's Motion to Withdraw Guilty Plea is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[12] *Krafchick v. State*, 100 A.3d 1021, *2 (Del. 2014); *Smith v. State*, 571 A.2d 788 (Del. 1990).