IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEROY SMITH, | § | |
| | § | |
| Defendant Below-<br>Appellant, | §<br>§ | No. 272, 2016 |
| | § | |
| v. | §<br>§ | Court Below—Superior Court<br>of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 80000011DI and |
| Plaintiff Below-<br>Appellee. | §<br>§ | 80000542DI |

Submitted: June 30, 2016
Decided: August 18, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## O R D E R

This 18th day of August 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Leroy Smith, filed this appeal from the Superior Court's denial of his motion for motion for correction of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Smith's opening brief that his appeal is without merit. We agree and affirm.

(2)    The record reflects that Smith pled guilty in June 1980 to Rape in the First Degree and Kidnapping in the Second Degree. The Superior Court sentenced

Smith to life imprisonment, with the possibility for parole, plus thirty years. After the Superior Court denied Smith's motion to withdraw his guilty plea in 1981, this Court affirmed that judgment on appeal.[1] Since that time, Smith has filed multiple unsuccessful petitions seeking various forms of postconviction relief. Also, since reaching his parole eligibility date in 1995, Smith has applied for, and been denied, parole on six different occasions.

(3) In March 2016, Smith filed a motion claiming that his sentence is illegal because the Department of Correction ("DOC") has not provided him with a conditional release date. The Superior Court denied that motion on May 2, 2016. This appeal followed.

(4) In his opening brief on appeal, Smith contends that his life sentence should be treated as a term of forty-five years and should be reduced by the good time credits that he has earned. He argues that he is entitled to have the DOC calculate his conditional release date.

(5) We find no merit to Smith's appeal. Under Delaware law a prisoner serving a parole-eligible life sentence may use earned good time credits to advance his parole eligibility date, but he is *not* entitled to conditional release.[2] Thus, there is no merit to Smith's argument on appeal.

---

[1] *Smith v. State*, Del. Supr., 451 A.2d 837 (Del. 1982).

[2] *Payne v. State*, 2013 WL 6411598 (Del. Dec. 6, 2013) (citing *Evans v. State*, 872 A.2d 539, 557 (Del. 2005)).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice
