# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,   :
          :  ID No. 1502002252
   v.       :
          :
QUENTIN JONES,    :
          :
   Petitioner/Defendant. :

Submitted: August 24, 2020
Decided: September 11, 2020

*Upon Defendant's Motion to Withdraw No Contest Pleas*

**DENIED**

## **MEMORANDUM OPINION AND ORDER**

Natalie S. Woloshin, Esquire, Woloshin, Lynch & Associates, P.A., 3200 Concord Pike, Wilmington, DE 19803 and Tasha M. Stevens, Esquire, Fuqua, Willard, Stevens & Schab, P.A., 26 The Circle, Georgetown, DE 19947; Attorneys for Defendant.

Eric Zubrow, Esquire, Department of Justice, 114 East Market Street, Georgetown, DE 19947; Attorney for the State of Delaware.

**KARSNITZ, J.**

In February 2016, Defendant Quentin Jones ("Jones" or "Defendant") was convicted of two counts of First Degree Rape and one count of First Degree Unlawful Sexual Contact after a three day jury trial. Jones was declared a habitual criminal offender[1] and sentenced to life in prison. Jones' convictions were affirmed on appeal.

The facts which supported Jones' convictions included allegations he had multiple incidents of sexual abuse with a then seven-year-old relative. At the trial a fellow prisoner testified that Jones had confessed the crimes to him. The prison "snitch" was provided leniency by the State of Delaware ("the State") after the trial. Because that tacit agreement never was disclosed to the defense or the jury, I granted Jones' Rule 61[2] petition and set aside his conviction.

From my review of the record, I concluded there was substantial evidence to support the conviction. One other relevant from the Rule 61 proceeding: Jones filed on his own a Motion to Dismiss his counsel. Jones was upset by his counsel's refusal to request a transcript of a brief scheduling conference. I held a hearing on the motion and ultimately denied it. The relevance to me to the pending Motion to Withdraw his plea is that Jones ably

---

[1]See 11 *Del. C.* §4214.

[2]Super. Ct. Crim. R. 61.

2

articulated his legal position.

The case was set for re-trial in July of 2020. Several months before trial, and in the midst of the Court self-imposed stoppage of jury trials, Jones filed, again on his own, a Motion to Proceed to trial by Judge. I referred that motion to counsel,[3] and scheduled a teleconference to discuss it and further proceedings. At the teleconference I was advised that the parties were close to a plea agreement to resolve the case. As in his motion to dismiss counsel, I found his request to proceed to trial by Judge ably written, a rational assessment of the current pandemic-caused state of affairs, and a reasonable tactical strategy.

In short order counsel informed me that an agreement had been reached. A plea hearing was held on July 14, 2020.[4] I will provide details of what occurred at the hearing to accept the pleas in the body of this opinion. Jones pled no contest to two counts of the lesser-included counts of Fourth Degree Rape.[5] Jones now has filed a motion to withdraw his pleas.

---

[3]See Super. Ct. Crim. R. 23.

[4]See generally Super. Ct. Crim. R. 12.

[5]See 11 *Del. C.* §770.

## THE LEGAL STANDARD

Superior Court Criminal Rule 32(d) provides in part:

> If a motion for withdrawal of a plea of
> guilty or *nolo contendere* is made before
> imposition or suspension of sentence or
> without entry of a judgment of conviction,
> the court may permit withdrawal of the plea
> upon a showing by the defendant of any
> fair and just reason. At any later time, a
> plea may be set aside only by motion
> under Rule 61.

Defendant bears the burden to show that a just and fair reason exists.[6]

The Supreme Court of the State of Delaware has articulated:

> In determining whether a fair and just reason exists,
> the trial court will consider the following factors:
> (i) whether there was a procedural defect in taking
> a plea; (ii) whether the defendant knowingly and
> voluntarily consented to the plea agreement (iii)
> whether the defendant has an adequate basis to
> assert his legal innocence; (iv) whether the
> defendant had adequate legal counsel throughout
> the proceedings; and (v) whether granting the motion
> will prejudice the State or unduly inconvenience
> the trial court.[7]

---

[6]*Scarborough v. State*, 938 A.2d 644, 649 (Del. 2007).

[7]*Lane v. State*, 918 A.2d 338 (Del. 2006). See also *Patterson v. State*, 684 A.2d 1234 (Del. 1996).

4

I address each factor.

## 1. Procedural Defect

Defendant claims that counsel gave him incorrect information about sentencing guidelines. Specifically the Truth-in-Sentencing Guilty Plea Form incorrectly set forth a guideline sentence of up to 30 months Level 5 incarceration for each offense. The guideline for a defendant with prior violent felonies, as is Defendant's circumstance, is five years L5 incarceration. The error in the Truth-in-Sentencing form is central to Defendant's claim he should be able to withdraw his pleas. However a ..."mistake regarding the sentencing guidelines does not negate an otherwise valid guilty plea because the guidelines are voluntary and are not binding"[8] For me the key is Defendant must know that guidelines and recommendations are just that - they are not binding on the Court. The Truth-in-Sentencing form signed by Defendant accurately showed the range of penalties he faced. I specifically told Mr. Jones no matter what agreement he had with the State I could sentence him to up to 15 years on each charge.[9] I also asked Mr. Jones if he reviewed, authorized signing of the plea documents, and truthfully answered the questions on them. He answered in the affirmative.

---

[8]*Brown v. State*, 126 A.3d 1109 (Del. 2015).

[9]Plea Colloquy, p.12.

5

The discussion of the guidelines occurred after I accepted Jones' plea, but, of course, before any sentence was imposed. The discussion occurred as the defense lawyer was arguing in favor of the sentence set forth in the agreement. I pointed out the error and explained it. Neither Defendant, having been fully informed, nor his counsel made any indication the error was a reason to withdraw the pleas.

Given that the error was rectified, and Defendant was fully informed that the court was free to sentence him as it saw fit, there was no procedural error caused by the faulty Truth-in-Sentencing form.

Defendant also complains he was not read the indictment. What is required is that Defendant understand the nature of the charges and the basic evidence against him. This claim carries no credence given Defendant has already attended his trial in which the evidence was presented. The State made a record, albeit brief, of what it would prove at a second trial. Defendant knew the evidence. His claim of error on this issue is unavailing.

## 2. **Defendant's Knowing and Voluntary Plea**

I remain satisfied Defendant's plea was knowingly and voluntarily entered. His argument here is based upon his brief hesitation when asked if he was being forced to enter the pleas. After a brief hesitation Jones agreed he was

not being forced.[10]

Jones has been through the gamut of the legal process. He has seen a trial of the allegations against him. He has shown himself capable of filing motions and ably arguing them. In short he knew what he was doing when he entered his plea.

Jones' colloquy with me confirmed his understanding of the plea and its consequences. "[A defendant's] statements to the Superior Court during the guilty plea colloquy are presumed to be truthful."[11] Jones and his counsel confirmed that they had multiple conversations about the plea.[12] Jones expressed his understanding and satisfaction with counsel while answering the Court's questions:

> THE COURT: First of all, Mr. Jones, you understand that what is being proposed here today is that you will plead no contest to two charges of rape in the fourth degree; do you understand that, sir?
>
> [JONES]: Yes sir. Yes, I do.
>
> THE COURT: Have you had a chance to review your case with your counsel, either Ms. Woloshin or Ms. Stevens?

---

[10]Plea Colloquy, p.14.

[11]*Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[12]Defendant's Exhibit C, pp 6-7, to his motion to withdraw pleas.

7

[JONES]: Yes.

THE COURT: Have they answered your questions?

[JONES]: Yes.

THE COURT: Are you satisfied with their representation of you?

[JONES]: Yes.[13]

Later, after Jones expressed some confusion regarding an unrelated investigation, he once again confirmed his understanding and satisfaction with the consequences of his plea:

THE COURT: Does that answer your question, Mr. Jones?

[JONES]: Yes sir. Yes, sir, Your Honor.

THE COURT: All right. Now we are at the stage where this is your last chance to speak on whether you want to enter this plea or not. Before I accept your plea, is there anything else that you want to discuss or that you have on your mind about the plea? Not about the sentencing. We will get to that in a few minutes, but is there anything else you want to raise at this point?

[JONES]: No, sir.[14]

Jones' plea was knowing, intelligent, and voluntary and Jones had "a complete understanding...of the nature of the charge and the consequences of his

---

[13]*Id.* at 9.

[14]*Id.* at 20.

plea".[15]

### 3. **Claim of Innocence**

Jones has already been tried and convicted by a jury. The victim and others testified. I found a *Brady* violation occurred in connection with evidence from a jailhouse informant, but the basic evidence at trial was substantial and convincing. By pleading no contest Defendant acknowledges the evidence against him is sufficient to convict him.[16] Jones' only claim here is he says he is innocent. The bald claim is not enough.

### 4. **Jones' Legal Representation**

With the sole exception of the error in the Truth-in-Sentencing form, Jones' counsel has not only been adequate, but exemplary.

*State v. Benson*[17] presents a nearly identical scenario. Like Jones, the defendant in *Benson* pled to Rape Fourth Degree and was given a TIS form that showed the presumptive guidelines as being up to 30 months of incarceration. Like Jones, Benson had a prior felony conviction, making the correct presumptive sentence greater than what was reflected on the form. The Superior Court found

---

[15]*Shorts v. State*, 189 A.3d 184, *4 (Del. 2018), (quoting *Brown v. State*, 250 A.2d 503, 504 (1969).

[16]*Teagle v. State*, 922 A.2d 416 (Del. 2007).

[17]2009 WL 406795 (Del. Super. Jan. 29, 2009).

9

this to be an insufficient basis to withdraw a plea:

> A TIS form is not the sole component of a guilty plea. While a TIS form should be filled out with care and be free from errors, the content of the form does not determine the validity of a defendant's plea. The Court must "address [a] defendant personally in open court and inform the defendant of" the consequences of pleading guilty. This is commonly known as a plea colloquy. The TIS form is merely a part of that process.[18]

Quoting *State v. Banks*,[19] the Superior Court added:

> The fact that there may be a discrepancy in the announced guideline of 0-30 months, instead of 0-15 months on the Reckless Endangering charge does not effect [sic] substantial rights. The defendant must be informed as to the maximum penalty; guidelines are for the court's consideration. They are not binding. The maximum possible penalty was correctly stated, and that is what controls.[20]

Jones' reliance on *Phillips v. State*[21] in support of his position is misplaced. In *Phillips* the TIS form contained an inaccurate recitation of the statutory penalties. This error precluded Phillips from fully appreciating the consequences of plea. But, *Brown* and *Benson* instruct that errors related to the presumptive sentence - rather than the statutory penalties - must necessarily be

---

[18]*Id.* at *3 (quoting Super. Ct. Crim. R. 11(c)).

[19]2005 WL 625366 (Del. Super. Jan. 3, 2007).

[20]*Benson*, 2009 WL 406795 at *5 (quoting *Banks*, 2005 WL 625366 at *1).

[21]2007 WL 3105749 (Del. Super. Sept. 20, 2007).

treated differently. Errors related to the presumptive sentence do not impact a defendant's understanding of the consequences of his plea. Jones' counsel professionally informed him of the range of penalties he faced and the State's agreed-upon recommendation.

### 5. Prejudice to the State and Court

Our Court is in the business of conducting trials, and I do not consider any retrial of Jones an inconvenience to the Court. However, this case involved a minor victim and events which occurred many years ago. The crimes and the criminal process take an enormous toll on victims. I can imagine no case where withdrawal of the pleas would be any more prejudicial to the prosecution than what is presented here.

### SUMMARY

Defendant pled guilty to two serious felony sex crimes. He had superlative counsel. He was fully informed of the crimes and the possible penalties. An error was made in listing sentencing guidelines before sentence was imposed. Jones is articulate and understood what he was doing.

It was not until I expressed reluctance with sentencing in accordance with the agreement with Jones and the State that Jones decided he wanted to withdraw his pleas. For me that is not sufficient reason, or a "fair and just" reason

as required by Superior Court Criminal Rule 32, to allow withdrawal.

I have analyzed the factors required by our case law and find none of them favor granting this motion. All favor denying it.

The proposed sentencing troubles me in a number of ways. Defendant would be sentenced to a minimum sentence for the crimes to which he pled no contest, and it would require me to ignore his significant and serious prior criminal history. I am also being asked to ignore that the plea constitutes a violation of his probation and discharge Defendant from probation. Finally, the plea agreement promises Defendant he will not be charged in connection with a cold case investigation.[22] I do not like to interfere in agreements reached by hardworking competent counsel, but must when law and justice require it. I do not know what sentence I will impose here. For now, I am denying Jones' motion to withdraw his pleas. I offer the defense and the State the same invitation as before. If there is information any party thinks I should consider in making the sentencing decision they should supply it to me in thirty days from the entry of this opinion and order.

---

[22]I was advised at the plea colloquy Defendant's DNA was matched with evidence from an old previous sex crimes investigation. I was provided no other information, except the agreement not to prosecute.

I will sentence Quentin Jones in due course after that.

**IT IS SO ORDERED**

_____
Craig A. Karsnitz

cc: Prothonotary

FILED PROTHONOTARY
SUSSEX COUNTY
2020 SEP 11 P 3: 09

13