# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                                   )      I.D.: 2008000653
      v.                     )
                                   )
MICHAEL PULLIAM,       )
                                   )
           Defendant.

## ORDER ON DEFENDANT'S
## MOTION TO WITHDRAW GUILTY PLEA

This 20th day of June, 2023, upon consideration of Defendant Michael Pulliam's Motion to Withdraw his Guilty Plea, the State's response, the affidavit of Erica LaCon, Esquire, and the record in this case, it appears to the Court that:

1. On November 16, 2020, Pulliam was indicted in a six-count indictment. He was charged with Burglary First Degree, Robbery First Degree, Possession of a Deadly Weapon During the Commission of a Felony, Criminal Mischief, Theft and Terroristic Threatening. If convicted on all counts, Pulliam faced a sentence ranging from 4 years minimum mandatory to 50 years.

2. These charges stem from an incident that occurred at 114 Margaretta Drive, Middletown, Delaware. Defendant was found inside the home of the victim by the police. The search warrant indicates that Pulliam entered the house by shattering the living room window. While inside the residence, Pulliam ransacked the victim's belongings. Pulliam approached the victim's bedroom,

where she was located. The victim fired several shots at the Defendant. The Defendant was found in the house by police after the victim had called 911.

3. On April 18, 2022 Pulliam pled guilty to Burglary 1st degree and PDWDCF. A nolle prosequi was entered as to all remaining charges. Upon completion of the plea colloquy, the Court ordered a Pre-Sentence Investigation. At the time of the filing of the instant motion, Pulliam has not yet been sentenced.

4. On July 5, 2022, Pulliam advised Ms. LaCon, his defense counsel, that he desired to withdraw his guilty plea. Pulliam stated to his counsel that he did not understand the sentencing guidelines or recommendations that were in play with acceptance of his guilty plea.

5. On July 18, 2022, Ms. LaCon filed a Motion to Withdraw, which was granted. Brian Chapman was appointed to represent Pulliam for all further proceedings, including his motion to withdraw his guilty plea. Chapman filed a Motion to Withdraw the Guilty Plea on April 6, 2023. The State filed its response on May 12, 2023. Ms. LaCon, at the Court's direction, filed an affidavit on May 23, 2023.

6. While a guilty plea may be withdrawn before sentencing, there is no absolute right to do so.[1] The defendant bears the "substantial" burden of showing "any fair and just reason" for withdrawal.[2] This decision is purely discretionary.[3]

---

[1] Del. Crim. R. 32(d); *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) (internal citations omitted).
[2] *Id.; United States v. Jones*, 336 F.3d 245, 252 (3d. Cir. 2003).
[3] *Id*. ("the court *may* permit withdrawal of the plea") (emphasis added); *State v. Phillips*, 2007 WL 3105749 at *1 (Del. Super. Ct. 2007) (quoting *Brown v. State*, 250 A.2d 503, 504 (Del. 1969)).

7. To determine whether there is a "fair and just" reason for the withdrawal of a guilty plea, the Court must address the following:

   a) Was there a procedural defect in taking the plea;
   b) Did the defendant knowingly and voluntarily consent to the plea agreement;
   c) Does the defendant presently have a basis to assert legal innocence;
   d) Did the defendant have adequate legal counsel throughout the proceedings; and
   e) Does granting the motion prejudice the State or unduly inconvenience the Court.[4]

   The Court does not balance these factors.[5] Instead, "[c]ertain of the factors, standing alone, will themselves justify relief."[6]

8. Pulliam argues that his counsel was ineffective and that his plea was not entered into knowingly, voluntarily, and intelligently because he did not understand the sentencing guidelines or recommendations. The State argues that there is no basis to allow the defendant to withdraw his guilty plea.

9. There were no procedural defects in the plea colloquy. Defendant does not cite any procedural defect in his plea, nor can the Court locate one upon review of the record.

10. Pulliam's plea was entered into knowingly, intelligently, and voluntarily. In the absence of clear and convincing evidence to the contrary, Pulliam remains bound by the answers he provided during his guilty plea colloquy.[7] These

---

[4] *State v. Friend*, 1994 WL 234120, at * 2 (Del. Super. Ct. 1994) (internal citations omitted); *see Scarborough v. State*, 938 A.2d 644, 649 (Del. 2007); *McNeill v. State*, 2002 WL 31477132, at * 1–2 (Del. 2002).
[5] *Patterson v. State*, 684 A.2d 1234, 1239 (Del. 1996).
[6] *Id.*
[7] *Id.* at 632.

statements are "presumed to be truthful"[8] and pose a "formidable barrier to a collateral attack on a guilty plea."[9]

11. The Court asked Defendant, "The sentencing in this case, the minimum sentence in this case that I'm required to impose is four years. The deal that's been cut with the State is there's going to be a recommendation on both sides that you will serve at least five years, but there's been no recommendation as to what that ceiling should be. And that would be determined after the presentence investigation report. Do you understand that?" Defendant responded "yes sir."

12. Further, the Court then asked, "Did you also understand that the statutory penalty, the maximum statutory penalty for you in this , if the judge choses to do it, is up to 50 years in jail. Do you understand that? Do you understand that the ultimate decision maker on what the sentencing ought to be, whether its four years as a minimum or five years as a minimum or another number is ultimately up to the sentencing judge? Do you understand that? Defendant responded, "yes, sir."

13. Having reviewed the plea colloquy, the Court finds that each of Pulliam's contentions were adequately and appropriately addressed at the time. He is bound by his in-court representations. So, this Court finds that Pulliam entered his guilty plea knowingly, intelligently, and voluntarily.

---

[8] *Id.*
[9] *Blackledge v. Allison,* 431 U.S. 63, 64 (1977).

14. Pulliam does not have a basis to establish factual or legal innocence. Criminal defendants remain presumptively bound by their representations to the Court.[10] So, after pleading guilty, a defendant must present "some other support" to overcome a guilty plea and to assert innocence.[11]

15. During his plea colloquy, Pulliam admitted his guilt as to each offense.[12] Pulliam makes a bare assertion that he believes he has a basis to assert his innocence without more. There is no justification to allow him to withdraw his guilty plea on this basis.

16. Pulliam had effective legal counsel throughout his proceedings. To prevail on his ineffective assistance of counsel claim, Pulliam must satisfy the two-prong standard established by *Strickland v. Washington*.[13] He must show that: (1) his "counsel's representation fell below an objective standard of reasonableness;" and (2) that counsel's actions were so prejudicial "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'"[14] When evaluating counsel's performance, "[a] court must indulge a *strong presumption* that counsel's conduct falls within the wide range of reasonable professional assistance."[15]

---

[10] *Somerville*, 703 A.2d at 632.

[11] *State v. McNeill*, 2001 WL 392465, at * 3 (Del. Super. Ct. 2001) (citing *Russell v. State*, 734 A.2d 160 (table) (Del. 1999)).

[12] Tr., at 17:7–18:19, D.I. 78.

[13] 466 U.S. 668 (1984); *see Albury v. State*, 551 A.2d 53, 58 (Del. 1988).

[14] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[15] *Strickland*, 466 U.S. at 669 (emphasis added); *see also Albury*, 551 A.2d at 59.

17. In his motion, Pulliam claims he told counsel that he did not understand the sentencing guidelines or the recommendations that were in play with acceptance of his guilty plea.[16] These blanket assertions are insufficient bases for granting withdrawal.

18. In opposition to Pulliam's claims, Ms. LaCon states that she and Pulliam discussed the case and the risks and rewards of going to trial and the risks and rewards of entering a plea. She advised Pulliam that, as a condition of lowering his minimum mandatory exposure, the State was requesting open sentencing. Ms. LaCon advised Pulliam that the State was not bound by a recommendation in the plea and could ask for the maximum Level V time permissible under the law.

19. Ms. LaCon's affidavit is contrary to Pulliam's assertions. Having considered the record, the Court does not find that Pulliam satisfied his burden to show that Ms. LaCon's conduct fell below the strong presumption of reasonable professional assistance. Pulliam remains bounds by this statements that he was neither forced nor coerced into pleading.

20. Granting withdrawal would prejudice the State and unduly inconvenience the Court. While it is true that "[o]ur Court is in the business of conducting trials,"[17] prejudice need not be considered "when a defendant has failed to

---

[16] D.I. 72.

[17] *State v. Jones*, 2020 WL 5530332, at * 4 (Del. Super. Ct., 2020), *aff'd*, 276 A.3d 1053 (Del. 2022); *see* D.I. 97, at 18.

demonstrate that the other factors support a withdrawal of the plea."[18] Pulliam, as detailed above, failed to establish a "fair and just" reason to withdraw his guilty plea. Thus, the Court need not address this factor, but nonetheless, finds that the State would be prejudiced and resources would be unjustifiably expended if the motion were granted. The basis of this conclusion is the age of the case, that the victim suffers from severe emotional distress, and the withdrawal of the guilty plea would be unfair to the victim, who after the defendant admitted in open court to committing these crimes, gained some closure on this traumatic event in her life.

THEREFORE, Defendant Michael Pulliam's Motion to Withdraw Guilty Plea is **DENIED**. A sentencing date shall be set.

**IT IS SO ORDERED.**

_/s/ Francis J. Jones, Jr._
Francis J. Jones, Jr., Judge

cc:     Original to the Prothonotary
        Matthew Hicks, Deputy Attorney General
        Brian J. Chapman, Esquire
        Erika B. LaCon, Assistant Public Defender

---

[18] *United States v. Jones*, 336 F.3d 245, 255 (3d Cir. 2003) (citing *United States v. Harris*, 44 F.3d 1206, 1210 (3d. Cir. 1995)).